CHICAGO, I. & N. P. R. Co. *v.* MINNESOTA & N. W. R. Co.

(*Circuit Court, N. D. Iowa, E. D.* November Term, 1886.)

1. REMOVAL OF CAUSE—CITIZENSHIP—FILING OF ARTICLES BY FOREIGN CORPORATION.

The filing by a foreign corporation of its articles of incorporation with the secretary of state of Iowa, as required by 18 Iowa Gen. Assem. *c.* 128, does not alter its *status* as a foreign corporation; and, in an action brought against such a corporation by an Iowa corporation, the defendant may have the cause removed from a state court to a United States circuit court.

2. SAME—CONSOLIDATION AFTER SUIT BROUGHT.

Where a consolidation of a foreign with a domestic railroad has not taken place till after suit brought against the foreign corporation by a domestic corporation, and the filing of petition for removal, the consolidation does not alter the foreign corporation's right to a removal of the cause.

3. SAME—APPEAL TO STATE SUPREME COURT.

An appeal to a state supreme court, from an order allowing a temporary injunction, where the same is allowed upon the petition and an affidavit, bars the right of defendant to remove the cause to a United States circuit court.

4. SAME—TIME OF FILING PETITION.

It is no objection to the application of the foregoing rule that the petition for removal was filed promptly on the opening day of the term, being the day on which it could be presented to the court, since the statute provides that the party desiring to remove shall file his petition before or at the term at which the case could first be tried.

In Equity. On plea in abatement.

*Lake & Harmon,* for complainant.

*Fouke & Lyon,* for defendant.

SHIRAS, J. On the seventh day of July, 1886, the complainant filed a bill in equity in the district court of Howard county, Iowa, averring that the defendant had wrongfully taken possession of complainant's located and partly completed road-bed, over certain described parts of sections of lands in Howard county; and the bill prayed that a writ of injunction might be issued restraining defendant from interfering with said road-bed and grade; and also asked judgment for the damages alleged to have been caused by such action on part of defendant. On the tenth day of July, 1886, an original notice in said cause was served upon the defendant, citing the defendant to appear in said cause at the coming November term of said court; and also notifying defendant that on the thirteenth day of July, 1886, an application for a temporary writ of injunction would be made before the Hon. L. O. HATCH, judge of said district court of Howard county. On the day named the application for the temporary writ was heard before the judge, both parties appearing by their counsel, and an order was made directing the issuance of the writ as asked. The writ was thereupon issued and served, and on the fourteenth day of July the defendant gave notice of an appeal from the order granting the writ to the supreme court of Iowa, and filed a *supersedeas* bond.

On the ninth day of November, 1886, the defendant filed in the district court of Howard county a petition and bond for the removal of the

v.29F.no.9—22

cause to the federal court, on the ground that the parties were citizens of different states, and the amount in controversy exceeded $500. The state court approved the bond, but made no order on the petition for removal. A transcript of the record having been filed in this court, the complainant pleads to the jurisdiction; averring that, in fact, the defendant corporation, which was originally created and organized under the laws of the state of Minnesota, has since become an Iowa corporation, and is therefore a citizen of the same state as the complainant. In support of this averment, it is shown that the defendant, in pursuance of the provisions of chapter 128 of the Acts of the Eighteenth General Assembly of the state of Iowa, filed with the secretary of state a copy of its articles of incorporation, whereby it became empowered to extend its road into Iowa, and to possess all the powers, franchises, rights, privileges, and liabilities of corporations organized in Iowa.

This act clothes foreign corporations with the named powers, rights, and liabilities, but it still leaves them foreign corporations. It does not change their *status* in this particular, but only defines the powers and rights of the foreign corporation as such. The fact, therefore, that the defendant company, under the authority of this act, filed its articles of incorporation with the secretary of state in Iowa, and extended its road into Iowa, does not constitute it an Iowa corporation, and does not, therefore, defeat the right of removal.

It is also urged, in support of the plea to the jurisdiction, that there has been, in fact, a consolidation between the Minnesota & Northwestern Company and the Dubuque & Northwestern Company, the latter being an Iowa corporation; and that this consolidation makes but one company, existing under the laws of the state of Iowa and of the state of Minnesota, thus bringing the case within the rule recognized in *Colglazier* v. *Louisville, N. A. & C. Ry. Co.*, 22 Fed. Rep. 568; *Pacific R. Co.* v. *Missouri Pac. Ry. Co.*, 23 Fed. Rep. 565, and cases therein cited.

Whether the transactions had between the companies named amounts to a consolidation of the two former corporations into a new corporation, owing its existence to the laws of Iowa and Minnesota, or only amounts to a consolidation of the lines of railroad, by the sale of the property and stock of the Dubuque & Northwestern to the Minnesota & Northwestern, it is not material to determine. Whatever the result of the consolidation was, it did not take place until after the filing of the petition for removal in this cause, and therefore it has no effect upon the rights of the parties to this litigation. The suit was brought against the Minnesota & Northwestern Company, a corporation organized under the laws of the state of Minnesota, and there has been no substitution of any other corporation as defendant in this cause. As the complainant and defendant, when the suit was brought, and when the petition for removal was filed, were corporations created under the laws of different states, the right of removal existed, so far as the same is dependent upon the diverse citizenship of the parties.

A more serious ground of objection to the jurisdiction of this court arises from the fact that the defendant appeared to the motion for a tem-

porary injunction, was heard in opposition thereto, and took an appeal and *supersedeas* to the supreme court of the state from the order granting the temporary writ.

In the *Removal Cases*, 100 U. S. 457, it was said that it is "clear that congress did not intend by the expression 'before trial,' to allow a party to experiment on his case in the state court, and, if he met with unexpected difficulties, stop the proceedings, and take the suit to another tribunal."

In *Alley* v. *Nott*, 111 U. S. 472; S. C. 4 Sup. Ct. Rep. 495; *Scharff* v. *Levy*, 112 U. S. 711; S. C. 5 Sup. Ct. Rep. 360; and *Gregory* v. *Hartley*, 113 U. S. 742; S. C. 5 Sup. Ct. Rep. 743,—it is ruled that, after a hearing in the state court upon a demurrer, which attacks the bill or petition on the ground that the facts therein stated do not constitute a cause of action, it is too late to apply for a removal, under the act of 1875, for the reason that, by such a demurrer, a decision deciding or affecting the merits of the controversy may be had.

In the case now under consideration the hearing was upon an application for a temporary writ of injunction.   The writ was applied for and granted under the provisions of section 3388 of the Code of Iowa, which enacts that "where it appears by the petition therefor, which must be supported by affidavit, that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act which would produce great or irreparable injury to the plaintiff,   *   *   *   a temporary injunction may be granted to restrain such act."

If, upon notice of the application for the temporary writ, the opposing party appears, and contests the issuance of the writ, is it not clear that the court or judge is required to examine the petition, and, upon the facts therein averred, determine whether the petitioner is entitled to the relief demanded?   Unless the facts averred in the petition set forth a cause of action, there could be no ground or right shown for issuing an injunction, and it should be refused.   *Zorger* v. *Township of Rapids*, 36 Iowa, 175.

In effect, therefore, the application for a writ of injunction requires the court or judge to determine whether the allegations in the petition set forth a cause of action,—that is to say, grounds upon which the petitioner may be entitled to relief against the defendant, and where, as in this case, notice of the application for the writ is given to the defendant, and the defendant appears, and opposes the application, it is difficult to see wherein such a hearing differs from a hearing upon a demurrer to the sufficiency of the petition.   Certainly, either proceeding may be used as a means of ascertaining the views of the court or judge upon the questions of law involved, and just as much reason exists why a party should not be permitted to experiment in the state court upon a hearing for an injunction as upon a demurrer.

Furthermore, it appears from the record in this cause that, upon the decision on the application for the writ of injunction, the defendant took an appeal thereon to the supreme court of the state, and filed a *super-*

*sedeas* bond, and has thus carried the question whether the petition on its face shows facts authorizing the issuance of a writ of injunction into the supreme court.    After this action on part of defendant, and without withdrawing or abandoning the appeal, the defendant, by filing a petition for removal in the district court, claims that the jurisdiction of the state court is ended.    The defendant, by its own act, invoked the jurisdiction of the state supreme court; and, if I understand the position of counsel, it is claimed that defendant may still prosecute the appeal before the state supreme court, for the purpose of reversing the ruling authorizing the issuance of the writ of injunction, and at the same time may have the case pending in this court, to be proceeded with as though such appeal had not been taken.    In effect, the case would, in such event, be pending in two courts at one and the same time.    This is not permissible.    The cause must be wholly in one court or in the other. It cannot be split up into parts.    To be removable, the case, as an entirety, must be brought into this court.    By its own act, the defendant had, before petitioning for removal, carried, by appeal, the case into the supreme court, and no action has been taken which has lawfully terminated the jurisdiction of that court.    Under these circumstances, it must be held that the right of removal did not exist when the petition for removal was filed, and that the filing thereof in the district court could not have the effect of terminating the jurisdiction of the supreme court of the state over the case.

On behalf of defendant, it is argued that the petition for removal was filed promptly on the opening day of the November term of the district court of Howard county, and that this was the first day on which it could be presented to the court for action, and that, therefore, filing it on that day preserves the right of the defendant to remove the cause. The statute provides that the party desiring to remove a suit shall "file a petition in such suit in such state court *before* or at the term at which said cause could be first tried, and before trial," etc.    In this case, therefore, there was no reason why defendant was compelled to wait until the first day of the term before filing his petition for removal.    When notice of the pendency of the suit, and of the fact that an application for a temporary injunction was about to be made, was served upon defendant, the latter could at once have filed its petition for removal, and could have objected to the judge acting upon the application for the injunction, on the ground that the jurisdiction of the state court was ended by the filing of the proper petition for removal.    If that had been done, the complainant would have proceeded at its own risk, knowing that, if the cause was removable in fact, the filing of the petition and bond had terminated the jurisdiction of the state court.    Instead, however, of pursuing this course, the defendant submitted to the jurisdiction of the state court; submitted the question whether the petition set forth a state of facts entitling complainant to relief, by way of injunction, to the judgment of the district judge; and, the decision being adverse to it, the defendant then carried the question by appeal to the supreme court of the state, in which court this appeal is now pending.    Having thus experi-

mented upon the merits of the cause in the district court, and proposing, by persisting in the appeal, to further experiment upon the merits of the cause in the supreme court of the state, it is not open to defendant to also experiment in this court upon the merits of the same cause. Under the facts disclosed upon the record, therefore, it must be held that this court has not jurisdiction of this cause, but that the same continues in the courts of the state. The plea to the jurisdiction is therefore sustained.