**W. M. INMAN and Frances Inman, his wife, Appellants,**

**v.**

**The MILWHITE CO., Inc., Appellee.**

**No. 19168.**

United States Court of Appeals
Eighth Circuit.

Nov. 1, 1968.

---

13. People v. Spencer, 66 Cal.2d 158 at 164, 57 Cal.Rptr. 163 at 168, 424 P.2d 715 at 719–720 (1967).

Cockrill, Laser, McGehee, Sharp & Boswell, Little Rock, Ark., on brief for appellants.

Smith, Williams, Friday & Bowen, by George Pike, Jr., Little Rock, Ark., on brief for appellee.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and LAY, Circuit Judges.

PER CURIAM.

This is a timely appeal by plaintiffs Inman from final judgment dismissing their complaint against The Milwhite Company, Inc., wherein plaintiffs as lessors seek cancellation of a mineral lease upon their real estate upon the ground that the lease has been breached by the lessee. Jurisdiction, based upon diversity of citizenship, is established.[1]

Chief Judge Henley, after a hearing upon the merits, filed a memorandum opinion, 292 F.Supp. 789 in which he fairly states the issues, sets out the facts, quotes pertinent portions of the lease in controversy and makes appropriate findings, and in our view correctly states and applies the Arkansas law. The petition was dismissed. We affirm.

Although additional issues were raised and considered in the trial court, plaintiffs in their brief here assert two errors upon which they rely for reversal, to wit:

(1) The provisions of the lease relating to extension thereof are ambiguous and should be strictly construed against the lessee, the draftsman of the lease.

(2) The lease imposes an implied covenant on the part of the lessee to exercise reasonable diligence to develop the leased premises, which duty the lessee has breached.

Upon the ambiguity issue, Judge Henley applied the well-established principle that a contract should be construed as a whole, giving effect to all of its provisions, and determined that when the contract was so considered no ambiguity existed. He states and holds:

"And the Court is convinced that when so read the meaning of the lease is that the extended term remains in force for so long as defendant pays or tenders the minimum royalties in advance and for so long as it pays the tonnage royalty on actual production in excess of 1200 tons per year, regardless of whether the actual production amounts to production in paying quantities. To put it more strongly, the Court finds that the lease can be held by paying the minimum advance royalty in lieu of any production or utilization of Inman ore."

The rule that a contract should be construed more strictly against its draftsman applies only where the contract is susceptible to different interpretations and is not used to overturn the plain and unambiguous terms of the contract. Bodcaw Oil Co. v. Atlantic Refining Co., 217 Ark. 50, 228 S.W.2d 626, 633.

Plaintiffs have failed to demonstrate the court erred in its determination that the lease is not ambiguous and have like-

---

1. Initially a controversy existed as to whether the jurisdictional amount was present. Judge Henley, in an opinion reported at 261 F.Supp. 703, which is confined to the jurisdictional issue, determined that jurisdiction was established. Such determination is not controverted upon this appeal.

wise failed to show that the court's interpretation of the lease as written is erroneous.

Judge Henley determined that his findings adverse to the plaintiffs on the ambiguity issue were dispositive of plaintiffs' contention that defendant had breached an implied covenant to develop the leased premises. He sets forth the applicable Arkansas law on the implied covenant issue as follows:

"It is well settled in Arkansas that where the actual, moving consideration for a mining lease or for an oil and gas lease is the expectation of royalties on minerals to be extracted from the leased premises, and where the lease is silent as to development and operation, the lessee is held to be bound by implied covenant to develop and operate the premises with reasonable diligence; a failure on the part of the lessee to do so is ground for forfeiture of the lease. Mooney v. Gantt, supra; Smith v. Moody, 192 Ark. 704, 94 S.W. 2d 357; Ezzell v. Oil Associates, Inc., 180 Ark. 802, 22 S.W.2d 1015; Mauney v. Millar, 134 Ark. 15, 203 S.W. 10; Mansfield Gas Co. v. Alexander, 97 Ark. 167, 133 S.W. 837.

"Where, as here, however, the contracting parties have dealt specifically with the question of development and operation, their agreement governs, and 'there can be no reason for implication.' Mansfield Gas Co. v. Alexander, supra, 97 Ark. at 174, 133 S.W. 840. See also: Bodcaw Oil Co., Inc. v. Atlantic Refining Co., 217 Ark. 50, 228 S.W.2d 626; Ezzell v. Oil Associates, Inc., supra; Grooms v. Minton, 158 Ark. 448, 250 S.W. 543; Dormon Farms Co. v. Stewart, 157 Ark. 194, 247 S.W. 778; Lawrence v. Mahoney, 145 Ark. 310, 225 S.W. 340."

■ Plaintiffs have not met the burden resting upon them here to show that the court misinterpreted or misapplied the Arkansas law applicable to the facts of this case. As Judge Henley clearly points out in his opinion, there can be no basis for an implied covenant with respect to development when the contracting parties have by their agreement dealt specifically with the question of development.

The lease was made in 1952 for a five-year term for the purpose of granting defendant the right to mine soapstone on a royalty basis. It is undisputed that during the initial five-year term of the lease soapstone was mined in paying quantities and that all provisions of the lease were fully complied with. The lease under such circumstances provides that after the initial five-year term, the parties agreed that the $600 per year minimum royalty, if paid in accordance with the provisions of the lease, "shall be in lieu of all development of operation of the premises for the year for which it is paid, but shall not relieve the Lessee from the obligation to pay to the Lessor any royalties accruing during that year in excess of the agreed minimum royalties." The agreed royalty has been tendered strictly in accordance with the provisions of the contract.

■ Plaintiffs offered evidence to the effect that the reasonable market value of their 120 acres of land unencumbered by the lease was $20,000. Only one and one-half acres of the land was in use for the mining operation. There is evidence that the demand for soapstone of the quality remaining in the mine is very limited. Plaintiffs had the use of substantially all the surface rights on the remainder of the land. The residence was located on their land and they operated a dairy herd and later a cattle feeding operation thereon, using the surface for grazing the cattle and for the production of hay. Under such circumstances, the $600 annual minimum royalty payment amounts to more than a nominal payment. See Dormon Farms Co. v. Stewart, 157 Ark. 194, 247 S.W. 778, 779. In any event, we agree with the trial court's conclusion that the parties should be bound by the provisions of their lease with respect to annual renewal.

The judgment of dismissal is affirmed.