* Of the District of Maryland, sitting by designation.

PER CURIAM:

We affirm for the reasons stated in Judge Levet's opinion, Borrello v. Perera Company, Inc., 381 F.Supp. 1226 (S.D.N.Y.1974).

**TENNECO INC., Plaintiff-Appellee,**

v.

**Glenn MAY et al.,
Defendants-Appellants.**

**No. 74-1996.**

United States Court of Appeals,
Sixth Circuit.

April 17, 1975.

William R. Bagby, Lexington, Ky., for defendants-appellants.

John E. Smith, Lancaster, Ky., Sam G. McNamara, R. Vincent Goodlett, Hazelrigg & Cox, Frankfort, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and MILLER and ENGEL, Circuit Judges.

PER CURIAM.

In 1957 Appellant Glenn May conveyed to Appellee Tenneco, Inc., an easement crossing a parcel of his land located in Garrard County, Kentucky. On its easement, Tenneco constructed and put into service an underground natural gas pipeline. In 1971 Mr. May filed a residential subdivision plat covering a portion of his land. The plat contemplated a street that would pass over Tenneco's easement. Mr. May notified Tenneco of the proposed street. Tenneco replied that federal safety regulations would re-

quire installation of a protective encasement around the pipe where it passed under the street.

Shortly after final paving of the street had been completed, Tenneco filed a diversity action in the District Court seeking to enjoin further use of the street until the pipeline had been protected at Mr. May's expense and to enjoin any future interference with its easement. At the hearing on Tenneco's motion for an injunction, it was agreed that Mr. May would barricade the street where the pipeline passed under and would prevent traffic from using that portion of the street until Tenneco had encased and protected the pipeline. Tenneco subsequently completed the encasement at a cost later determined to be $4,903.39.

The case was heard before District Judge Mac Swinford on Tenneco's claim that Mr. May should bear the expense of encasing the pipeline and on Mr. May's somewhat belated assertion that the amount in controversy was insufficient to confer diversity jurisdiction upon the District Court.

In a memorandum opinion reported at 377 F.Supp. 941 (E.D.Ky.1974), Judge Swinford rejected Mr. May's jurisdictional argument. Relying largely upon Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), the court held that the allegations in the complaint and the prayers for monetary and injunctive relief, viewed as of the commencement of the action, established that the requisite jurisdictional amount was in controversy, even though the eventual recovery was less than $10,000.

On the merits of the case, Judge Swinford surveyed the Kentucky law of easements and leading cases from other jurisdictions. He concluded that the street constructed by Mr. May and the resulting need to encase the pipeline constituted an unreasonable interference with Tenneco's use and enjoyment of its easement. Accordingly, the court entered judgment in favor of Tenneco in the amount of $4,903.39, the cost of encasing and protecting the pipeline.

We conclude that Judge Swinford correctly stated the relevant principles of law and properly applied them to the facts of this case. No purpose would be served by discussing again the issues presented, and accordingly we affirm on the basis of the District Court's opinion.

The judgment of the District Court is affirmed. The costs of appeal are taxed against Appellants.