Mr. and Mrs. Robert BEDELL, Mr. and Mrs. Danny Sharp, Mr. and Mrs. Ray Ferrell, Mr. and Mrs. John Piper, Mr. and Mrs. Robert Matt, Mr. Jerry Tucker, Mrs. Reita Tumbelson, Mr. and Mrs. O. New, Mrs. A. Rushman, Mr. and Mrs. Henry A. Meyer and Kenton County Fiscal Court.

v.

H.R.C. LIMITED, a partnership, Robert Stern, Kerr Construction Company, Harold Clayton and Rel S. Wayman.

Civ. A. No. 81–94.

United States District Court, E. D. Kentucky, Covington Division.

Sept. 24, 1981.

---

John Elfers, County Atty., Clyde Middleton, Covington, Ky., for plaintiffs.

Kurt A. Philipps, Covington, Ky., C. Francis Barrett, Charles C. Bissinger, Jr., Cincinnati, Ohio, for defendants.

## MEMORANDUM OPINION

BERTELSMAN, District Judge.

The motion to remand filed in this removed action presents this court with a variety of issues related to federal removal jurisdiction. Having carefully considered the various issues raised, the court is of the opinion that jurisdiction is proper and that the motion to remand must be denied.

### FACTS

On August 7, 1981, this action was filed in the Kenton Circuit Court, the trial court of general jurisdiction in Kenton County, Kentucky. The plaintiffs were the Kenton County Fiscal Court, which under Kentucky local government law may be thought of as a county commission rather than a court in the traditional sense, and several individual plaintiffs, all of whom are residents of a suburban street, Jimae Court, which is located in the unincorporated area of Kenton County.

The complaint alleges that a low-income housing development being constructed by the defendants is in violation of certain provisions of applicable zoning ordinances and building codes, and seeks temporary and permanent injunctive relief against the construction of the project. The defendants are H.R.C. Limited, a limited partnership, Robert Stern, one of the partners, and Kerr Construction Company, another of the

partners, which is also the contractor of the project. All of the above, as well as the other partners of H.R.C., are citizens of Ohio. All of the plaintiffs are citizens of Kentucky.

However, there were named in addition to the above-mentioned defendants, Rel S. and Ada Wayman and Harold R. and Sarah Clayton, who are citizens of Kentucky. The allegations of the complaint concerning the Waymans are that they "are adjacent land-owners to the apartment project, over whose land other defendants are gaining access to the construction site." The allegations against the defendants Clayton, as supplemented by testimony at the hearing on the motion to remand, is to the effect that Clayton sold to H.R.C. Limited the land on which the project rests and has cooperated with it, even acting as an uncompensated agent, in its dealings with local authorities. The testimony at the hearing on the motion to remand was that no financial benefit or detriment would inure to either the Waymans or the Claytons whether or not the project was permitted to be completed. The testimony was that neither the Waymans or Claytons were receiving or going to receive any compensation for their cooperation with the defendants. Not named as a defendant in the state court was the Kentucky Housing Corporation, which made a construction loan secured by a mortgage on the project.

On August 13, 1981, a motion for temporary injunction under Kentucky C.R. 65.04 was filed in the state court in open court. On the same date the defendants filed a motion to abate and dismiss alleging the plaintiffs had failed to state a claim for injunctive relief and that the suit was substantially the same as another related suit pending in the state court.

On August 14, 1981, the state court entered a temporary injunction with findings of fact and conclusions of law. The state court found that the defendants were in violation of a stop-work order issued by the Kenton County Building Inspector, describing five conditions not complied with by the defendants. Principally, the stop-work order and the injunction were based on the fact that the site plan approved for the project contemplated access thereto over Jimae Court, and in a previous action in the state court, brought by the residents of Jimae Court, it had been held that that street could not be used for such access. Therefore, the site plan originally approved had been ordered cancelled by the building inspector.

On August 21, 1981, the defendants sought interlocutory relief in the Kentucky Court of Appeals under Ky.C.R. 65.07 from the granting of the temporary injunction.

On August 28, 1981, the defendants, with the exception of the Claytons and Waymans, filed their petition for removal in this court, accompanied by an appropriate bond, and meeting the other statutory requirements. 28 U.S.C. § 1441 et. seq.

On August 28, 1981, defendants filed herein their motion to dismiss in this court, and on August 31, 1981, filed herein a motion to dissolve the temporary injunction entered in the state court.

On September 4, 1981, the plaintiffs filed in this court their motion to remand, a hearing on which, including oral testimony, was held in this court on September 8, 1981. It is this motion to remand which is now before the court and is the subject of this opinion.

## ISSUES

The motion to remand, when considered in the light of the above facts, presents this court with the following issues:

1. Has the requisite jurisdictional amount been established, considering the fact that only injunctive relief was sought in the state court?

2. Does the fact that the defendant limited partnership was registered in Kentucky defeat diversity?

3. Since the Clayton defendants and Wayman defendants are citizens of Kentucky, can their citizenship be ignored for diversity purposes because they are only nominal parties?

4. Does the fact that the Kentucky Housing Corporation, a corporation chartered under KRS 198A.030, has made a construction loan to the defendants, secured by a mortgage, defeat diversity jurisdiction, even though that corporation was not named as a defendant in the state court?

5. Did the defendants waive their right to remove by filing a motion to dismiss and by resisting the granting of the temporary injunction in the state trial court and seeking interlocutory relief from the granting of such injunction in the Kentucky Court of Appeals?

### The Jurisdictional Amount

■ A problem is presented in determining the proper jurisdictional amount in diversity cases involving only injunctive relief. Determination of the appropriate amount is sometimes a difficult matter in such cases, where frequently "the benefit to the plaintiff will have a different value than the loss to the defendant should relief be granted."[1] As in many aspects of case law concerning federal removal jurisdiction, including some of the other issues raised in this case, the authorities on the issue are not entirely consistent. Generally, three lines of cases manifest themselves. First, some courts follow the plaintiff's viewpoint rule, which tests the sufficiency of the amount in controversy from the perspective of the plaintiff on the theory that such an approach is likely to produce greater certainty of result and promote simplicity.[2]

Other federal courts, however, have declined to follow the plaintiff's viewpoint and have found jurisdiction if, from the viewpoint of either the plaintiff or the defendant, more than the statutory amount was involved.[3] The second viewpoint is the one favored by Wright, Miller & Cooper.[4]

A third viewpoint is the one that prevails in this district, and probably the Sixth Circuit. Courts following this approach "view the amount in controversy from the point of view of the party seeking to invoke federal jurisdiction and thus would look to the plaintiff's viewpoint in a case within the federal courts' original jurisdiction, and to the defendant's viewpoint in a case brought to the federal courts by removal from a state court."[5] The Eastern District of Kentucky follows this last view, which upon re-examination this court still finds to be the most preferable from the standpoint of logic, practicality and achieving the policies of the statutes creating removal jurisdiction.

In *Family Motor Inn, Inc. v. L–K Enterprises Division Consolidated Foods Corporation*,[6] the late Judge Swinford of our court held that in a removal case, such as the one presented here, the complaint should not be the sole criterion of jurisdictional amount. Judge Swinford quoted an Arkansas case expressing the rationale underlying this view, as follows:

"(T)he plaintiff's viewpoint rule should not be applied automatically or exclusively in cases in which the choice of viewpoint is significant in relation to the presence or absence of jurisdictional amount . . . . (W)hen what a plaintiff stands to gain and what a defendant stands to lose are unequal, and where federal jurisdiction is invoked by the party standing to gain or lose more than his adversary the greater gain or the greater loss should be applied as the criterion of jurisdictional amount."[7]

1. 14 Wright, Miller & Cooper, Federal Practice & Procedure, § 3703.

2. *Id.* at 405.

3. *Id.* at 407.

4. *Id.* at 408. *See* 1 Moore's Federal Practice ¶ 0.92[3.–2].

5. *Id.* at 409.

6. 369 F.Supp. 766 (E.D.Ky.1973).

7. 369 F.Supp. at 769, quoting *Inman v. Milwhite Co., Inc.*, 402 F.2d 122 (E.D.Ark.1966). *See also Tenneco, Inc. v. May*, 377 F.Supp. 941, 943 (E.D.Ky.1974) aff'd 512 F.2d 1380 (6th Cir. 1975), where it was stated that "in injunction actions, 'the amount in controversy is determined by the value of the property right sought to be protected against the alleged interference'."

When this approach is invoked here, it is clear that the requisite jurisdictional amount exists, for the defendant has already expended more than $400,000 in the construction project involved, most of which will be lost, if it is terminated.

*The Citizenship of the Limited Partnership*

■ This issue is easily resolved. Although a limited partnership has many of the aspects of a corporation, for the purposes of determining federal diversity jurisdiction it is treated as a partnership rather than a corporation. The state where the limited partnership is registered or has its principal place of business is not considered.[8]

*The Nominal Parties Issue*

■ As may be ascertained from the statement of facts above, neither the defendants Clayton nor the defendants Wayman have any interest in this case in a genuine legal sense. No relief is sought against any of them in the complaint. Their interest in the action is apparently just one of a general nature or looks toward some prospective relationship with the defendants with regard to future projects that may be constructed by them. In no sense are they real parties in interest in the present litigation.

The law is clear, then, that they may be ignored for the purposes of determining whether or not complete diversity exists herein. It has been well and succinctly said:

"If a local party were joined on a basis purposefully to avoid federal jurisdiction or if a formal or unnecessary party were joined for that reason, then the federal court may retain removal jurisdiction.

*Nunn v. Feltinton,* 294 F.2d 450, 453 (5th Cir. 1961). 'The joinder of a resident Defendant may be deemed fraudulent for purposes of removal if the Plaintiff fails to state a cause of action against the resident Defendant and the lack of a cause of action is obvious according to the settled decisions of laws of the state.' *Bohanan v. Atchison, Topeka and Santa Fe Railway Co.,* 289 F.Supp. 490, 493 (W.D.Okla.1968)."[9]

If a non-diverse plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction, and such a party may be dropped from the case.[10] The Wayman and Clayton defendants not being real parties in interest herein, complete diversity exists and the court will drop them from this action.[11]

*Absence of the Mortgagee as a Party*

■ The evidence at the hearing on the motion to remand herein disclosed that substantial funds had been advanced by the mortgagee, Kentucky Housing Corporation, which is a citizen of Kentucky. If the project were stopped, this mortgagee would lose substantial funds, and thus may be a necessary party under Kentucky C.R. 19. The question then arises whether this court should consider it in ruling on this motion to remand.

We need not decide at this point what the disposition of this issue would be, if plaintiff, subsequent to the ruling made herein, seeks to make the mortgagee a party. It may be said, however, that having failed to name the mortgagee in the state court, plaintiff should not on a motion to remand

---

8. *Carlsberg Resources Corporation v. Cambria Savings & Loan Association,* 554 F.2d 1254 (3d Cir. 1977); *Colonial Realty Corporation v. Bache & Co.,* 358 F.2d 178 (2d Cir. 1966), cert. den., 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56; *Limbach Company v. Renaissance Center Partnership,* 457 F.Supp. 347 (D.Pa.1978). Circuits are split as to whether the citizenship of all partners, both general and limited, is considered. *See Carlsberg, supra.* However, in the case at hand the fact is firmly established that the citizenship of all partners is Ohio.

9. *Ennis v. Queen Insurance Company of America,* 364 F.Supp. 964, 966 (W.D.Tenn.1973).

10. *Iowa Public Service Company v. Medicine Bow Coal Company,* 556 F.2d 400, 404 (8th Cir. 1977). 1A Moore's Federal Practice ¶ 0.161[1] p. 199.

11. For the same reasons, it was not required that these defendants join in the petition for removal.

be heard to the effect that it is indispensable. On the existing record the mortgagee has not been made a party, although the plaintiff could easily have done so in the state court. This court concurs in the reasoning in *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.,*[12] where the court said:

"Although the Court may look beyond the complaint to the record as a whole when the factual basis of a party's jurisdictional claim is challenged, no case has been cited which sustains the contention of plaintiff-appellant that, having voluntarily chosen to sue in the name of Plains Growers, Inc., as sole plaintiff, and not sue in the name of Florists' Mutual, it can now defeat removal jurisdiction on the basis of the citizenship of Florists' Mutual.

"*The citizenship of one who has an interest in the lawsuit but who has not been made a party to the lawsuit by plaintiff cannot be used by plaintiff on a motion to remand to defeat diversity jurisdiction.*

"The contention is made that Florists' Mutual was an indispensable party from the beginning and that for this reason its citizenship must be taken into account in determining whether the federal court acquired jurisdiction. The short answer to this contention is that Florist' Mutual never saw itself as an indispensable party, is not a party to the lawsuit, has not sought to become one, *and plaintiff has failed to take any steps to make it a party of record in the proceedings. There is no basis for the plaintiff to complain when federal jurisdiction is determined by the citizenship of only those parties which plaintiff has chosen to include in the lawsuit.*" (Emphasis added).

### The Waiver Issue

▇ The case law concerning whether or not a defendant can waive his right to

remove an otherwise proper action to the federal court, by taking certain acts in the state court, is not entirely consistent.[13] It is clear, however, that an inadvertent waiver of the defendant's right to remove can occur by his taking certain acts in the state court that are deemed to constitute a submission to its jurisdiction.[14]

For example, plaintiffs herein rely on *Baldwin v. Perdue, Inc.,*[15] which held that the filing of a cross-claim against a co-defendant in the state court constitutes a waiver. In that case the court emphasized that it found waiver by the defendant of his right to remove by his voluntarily seeking affirmative relief in the state court. The court found particular significance in the fact that the filing of the cross-claim was permissive and not compulsory.

Also cited by the plaintiffs is *In re 73rd Precinct Station House Borough of Brooklyn,*[16] in which the United States in a condemnation action in the state court litigated an immunity defense to a conclusion on the merits. In finding a waiver, the federal court stated in effect that the United States was taking an appeal from an adverse determination of the issue in the state court. An issue of timeliness was also involved. Plaintiffs also rely on *Vendetti v. Schuster,*[17] in which a defendant belatedly sought to remove an action from the state court on the basis of the fact that he had been acting as an agent of the United States. The defendant in *Vendetti* had also litigated an immunity issue to a conclusion in the state court, and the discussion of waiver was intermingled with an issue of untimely filing of the removal petition.

The plaintiff relies most heavily on *Southwest Truck Body Company v. Collins,*[18] which has some similarity on its facts to the case at bar. *Southwest Truck* was a

12. 474 F.2d 250, 252 (5th Cir. 1973).

13. *See* 1A Moore, Federal Practice ¶ 0.157[9].

14. *Id.*

15. 451 F.Supp. 373 (E.D.Va.1978).

16. 329 F.Supp. 1175 (E.D.N.Y.1971).

17. 242 F.Supp. 746 (W.D.Pa.1965).

18. 291 F.Supp. 658 (W.D.Mo.1968).

738

labor dispute, in which the state court had issued an injunction against picketing against the defendants and also a contempt citation for violation of the injunction. Prior to removal, the defendants had challenged the constitutionality of the contempt citation and also filed a petition for a writ of prohibition in a state appellate court, attacking the jurisdiction of the state trial court. The federal court remanded, holding that the defendants had elected their forum by filing and pursuing to a ruling motions in the trial and appellate court that would have resulted in a dismissal of an action on the merits. Plaintiffs argue that the seeking of the writ of prohibition in *Southwest Truck, supra,* is analogous to the defendants in the instant case moving the Kentucky Court of Appeals for interlocutory relief from the temporary injunction, pursuant to Ky.C.R. 65.07.

In the instant case, the defendants filed a motion to abate and dismiss in state court, appeared there to resist the entry against them of the temporary injunction, and filed a motion in the Kentucky Court of Appeals to dissolve the temporary injunction under Ky.C.R. 65.07. Plaintiffs concede that under the more recent and well reasoned authority, merely filing the motion to dismiss in the trial court or appearing there to resist the temporary injunction motion does not constitute a waiver of the right of removal.

It may now be considered well settled that:

"... actions which are preliminary and not conclusive in character and which do not actually submit the merits of a claim for a binding decision do not constitute a waiver of defendant's right to remove and this principle has applied to motions to vacate temporary restraining orders and injunctions such as that involved herein." [19]

■ This court adopts the view that although waiver of the right of removal is possible, "the defendant's intent (to waive) must be clear and unequivocal." [20] Waiver will not occur by defensive action in the state court, short of proceeding to an adjudication on the merits.[21] Although, waiver will occur if the defendant files a permissive pleading seeking affirmative relief or takes affirmative action resulting in an adjudication on the merits of an issue which could result in the dismissal of the action in whole or in part,[22] the mere *filing* in the state court of a pleading raising a defense which might be conclusive of the merits is insufficient for waiver. There must be further action on the part of the defendant resulting in a decision on the merits of the defense.[23]

■ Looking then to the actions taken by the defendants in the instant case in the state court, the court finds that no waiver occurred. The motion filed by defendants in the Kentucky Court of Appeals, under Ky.C.R. 65.07, differs markedly from the filing of a petition for a writ of prohibition, which was held in *Southwest Truck, supra,*[24] to constitute waiver.[25]

**19.** *Beasley v. Union Pacific Railroad Co.,* 497 F.Supp. 213 (D.Neb.1980); *See also Swan v. Community Relations—Social Development Commission,* 374 F.Supp. 9, 12 (E.D.Wis.1974); *Baker v. National Boulevard Bank of Chicago,* 399 F.Supp. 1021 (N.D.Ill.1975) (defendant intervened in state court and contested preliminary injunction); *Malave v. Sun Life Assurance Company of Canada,* 392 F.Supp. 51 (D.P.R. 1975) (moving for extension of time in state court not waiver); *Champion Brick Company of Baltimore County v. Signode Corporation,* 37 F.R.D. 2 (D.Md.1965) (filing of general issue plea not waiver); *Markantonatos v. Maryland Drydock Company,* 110 F.Supp. 862 (S.D.N.Y. 1953) (filing appearance and answer and serving notice to examine plaintiff); 1A Moore's Federal Practice ¶ 0.157[9].

**20.** 1A Moore, Federal Practice ¶ 0.157[9].

**21.** *Id.* at 127.

**22.** *Beasley v. Union Pacific Railroad Co.,* 497 F.Supp. 213, 217 (D.Neb.1980); 1A Moore Federal Practice ¶ 0.159[9] at 127.

**23.** For this reason the defendants' motion to abate and dismiss in the Kenton Circuit Court is insufficient to constitute a waiver.

**24.** *Southwest Truck Body Co. v. Collins,* 291 F.Supp. 658 (W.D.Mo.1968).

**25.** See note 25 on page 739.

A reading of C.R. 65.07, the text of which is set forth in the margin,[26] shows that the action taken under it by defendants was defensive in nature and is of the same character as resisting the entry of a temporary injunction in the trial court.

In a proceeding under Rule 65.07, the issue before the appellate court is not whether the trial court is proceeding in excess of its jurisdiction, or erroneously within its jurisdiction, as is the situation with a writ of prohibition. Rather, the issue before the appellate court is the same as that before the trial court, whether temporary and interlocutory relief is appropriate under the circumstances of the case.[27]

This court concurs entirely in the analysis of the court in *Beasley v. Union Pacific Railroad Co.*,[28] regarding the principles to be applied herein, and, although that case did not involve an appellate proceeding, believes that the following analysis as set forth therein is applicable to the case at bar.

"By its motion, the defendant merely sought to dissolve the temporary restraining order. The defendant neither requested nor received any final determination upon the ultimate merits of the controversy. The motion, even if it had been successful, did not seek and would not have had the effect of finally disposing of the merits or causing the dismissal of the case. If the motion had been successful, it would have resulted only in the elimination of the interlocutory restraint while leaving the basic issues pending for ultimate determination after trial. True, the defendant did raise in its brief in support of the motion to vacate some of the same issues which it relies upon in this Court in support of its summary judgment motion. But this is merely the normal method of resisting a TRO. By raising these issues, the defendant was merely attempting to show the unlikelihood of plaintiffs ultimately prevailing upon final judgment. Whatever the Court's finding upon the motion to vacate, it would not preclude a final determination by the Court upon those issues and would be, in no way, the law of the case or res judicata of such issues. Therefore it is clear that this case is distinguishable from those cases relied upon by the plaintiffs." [29]

Under the Kentucky procedure, defendants had to act in the appellate court within 20 days, if at all. They would have been taking an unwarranted risk to remove the case and allow the 20 days to pass, with an order of remand perhaps occurring thereafter. If they had done so and the cause had been remanded, they might well have lost their right to seek review in the state appellate court of the propriety of the tem-

---

25. A writ of prohibition "is one which commands the person or tribunal to whom it is directed not to do something which, by the suggestion of the relator, the court is informed he is about to do. The writ is commonly defined as one to prevent a tribunal possessing judicial or quasi-judicial powers from exercising jurisdiction over matters not within its cognizance, or exceeding its jurisdiction in matters of which it has cognizance." 63 Am.Jur.2d, Prohibition § 2.

26. **Rule 65.07. Interlocutory Relief in Court of Appeals Prior to Final Judgment.**
"(1) When a circuit court by interlocutory order has granted, denied, modified, or dissolved a temporary injunction, a party adversely affected may within 20 days after the entry thereof move the Court of Appeals for relief from such order. If the order dissolves a temporary injunction theretofore granted, the circuit court may in its discretion suspend the operation of the order for a period

not exceeding 20 days to permit such party to proceed under this Rule.
"(2) There shall be filed with the motion the original or a certified copy of such portion of the record or proceedings as may be necessary to a proper disposition thereof.
"(3) The basis of affirmative relief shall be the grounds specified in Rule 65.04(1), and if such relief is granted, a bond may be required to be sent to the clerk of the circuit court where the action is pending, and when filed in the clerk's office shall have the same effect as an order entered by such circuit court."

27. Clay, Kentucky Practice, Rule 65.07, comment 6 (3d ed. 1974).

28. 497 F.Supp. 213 (D.Neb.1980).

29. 497 F.Supp. at 217.

porary injunction. The defendants' action in the state appellate court, then, was merely a continuation of their resistance to the entry of the temporary injunction in the trial court. As has been shown above, such resistance does not constitute a waiver of the right to remove.

### CONCLUSION

For the reasons above stated, it may be seen that the removal herein is in all respects proper, and the motion to remand must be denied. The temporary injunction entered by the state court remains in effect, subject to the further orders of this court, as may appear appropriate under the circumstances.

ORDER accordingly.