**Dennis KNUDSEN, Plaintiff,**

v.

**Sammy SAMUELS and Joneil Fifth Avenue, Ltd., Defendants and Third–Party Plaintiffs,**

v.

**Janell KNUDSEN, Third–Party Defendant.**

No. 89–1177–C.

United States District Court, D. Kansas.

July 25, 1989.

Steve Brooks, Smith, Greenleaf & Brooks, Liberal, Kan., for plaintiff and third-party defendant.

Jim Lawing, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case comes before the court on plaintiff's motion to remand the case to the District Court of Seward County, Kansas, pursuant to 28 U.S.C. § 1447(c). The plaintiff requests oral argument. The court does not believe oral argument would be of material benefit in the determination of this motion, and therefore plaintiff's request for oral argument is denied.

On January 18, 1989, the plaintiff filed an action against the two defendants in state court, alleging that by virtue of defendants' fraud and misrepresentation the plaintiff entered into a contract with the defendants to purchase items totalling $124,000, and that the items purchased were not as represented. The plaintiff asked the court to rescind the contract and that plaintiff be awarded attorney's fees and punitive damages.

On February 24, 1989, the defendants filed their answer and a cross-petition against the plaintiff. That same day, defendants filed a third-party petition against Janell Knudsen, as she allegedly participated in the purchase of the items. The third-party petition alleged that a receipt for the purchases contained the statement of Janell Knudsen that " 'I am satisfied with my purchase.' " On March 21, 1989, the plaintiff filed an amended petition, re-pleading every allegation set forth in the original petition, and further pled allegations that the defendants violated the Uniform Commercial Code and the Uniform Consumer Protection Act of Kansas.

Defendants filed their notice of removal to this court on March 24, 1989. The notice stated that diversity jurisdiction existed and more than $50,000 was at issue.

 The plaintiff presents two arguments why this case should be remanded to state court. The first argument is that the defendants have voluntarily submitted themselves to state court jurisdiction by filing a third-party petition against Janell Knudsen before filing their notice of removal. In support of his argument, the plaintiff cites cases in which the district court found that a defendant waived his right to remove by filing a permissive pleading in the state court before filing a notice of removal. *See, e.g., Isaacs v. Group Health, Inc.*, 668 F.Supp. 306, 308–309 (S.D.N.Y.1987) (if permissive counter-claim is filed prior to removal, right to remove is waived); *Bedell v. H.R.C., Ltd.*, 522 F.Supp. 732, 738 (E.D.Ky.1981) (right to remove waived if defendant files a permissive pleading seeking affirmative relief); *Baldwin v. Perdue, Inc.*, 451 F.Supp. 373, 375 (E.D.Va.1978) (defendant's cross-claim volitional in nature; right to remove waived). The defendants do not respond to this argument. The rationale for this rule is that a defendant who asserts a permissive pleading seeking affirmative relief in state court invokes and submits to the jurisdiction of the state court. *See Isaacs*, 668 F.Supp. at 308. The plaintiff does not cite, and the court does not find by independent research, a case involving this issue when the permissive pleading is a third-party complaint filed by the defendant. K.S.A. 60–214(a) relates to third party practice, and permits the defendant to file a third-party complaint against a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The defendant who files such a complaint is designated as a third-party plaintiff. The court finds that defendants' third-party complaint is a permissive pleading, and like permissive counterclaims or cross-claims, is subject to the rule that a defendant waives his right to remove if he files such a pleading before filing his notice of removal. The court therefore finds that the defendants have invoked and submitted to the jurisdiction of the state court, and that the case should be remanded back to that court.

 The second argument presented by the plaintiff is that the case should be remanded to state court because the notice of removal was untimely filed.

28 U.S.C. § 1446(b) states:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy

of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Service of summons on the initial pleading was received by the defendant on January 23, 1989. The defendants therefore had until February 23, 1989, to file the notice of removal, unless the case stated by the initial pleading was not removable. The defendants argue that the initial pleading made no disclosure of the potential for removal, specifically that the jurisdictional amount was not met. The initial pleading clearly states that the dispute involved a contract entered into by the parties for the purchase of items valued at $124,000—well within the jurisdictional amount. Furthermore, under 28 U.S.C. § 1446(b), the question is not whether the initial pleading discloses the potential for removal but whether it discloses that the case is not removable. The court has examined the initial pleading. There is nothing to indicate that the case was not removable at the time the initial pleading was received by the defendants. The jurisdictional amount is apparent, and there is nothing which shows that diversity jurisdiction did not exist, as the citizenship of either defendant was not stated. The defendants were well aware that diversity jurisdiction existed at the time they received service of the initial pleading because they knew their states of citizenship and knew from the initial pleading that the plaintiff's state of citizenship

was different from their own. The court finds the defendants failed to timely file the petition for removal. Failure to timely file is a defect causing improvident removal and requiring remand to the state court. *See Royal v. State Farm Fire and Cas. Co.*, 685 F.2d 124, 127 (5th Cir.1982); *Computer People v. Computer Dimensions Intern., Inc.*, 638 F.Supp. 1293, 1296–1297 (M.D.La.1986). The court finds the present case to have been improvidently removed and remands it to the District Court of Seward County, Kansas.

■ The plaintiff requests that costs be assessed against the defendants in this case because the case was improvidently removed. The court orders that the defendants pay the just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. *See* 28 U.S.C. § 1447(c).

IT IS THEREFORE ORDERED that plaintiff's motion for remand of this case to the District Court of Seward County, Kansas, is sustained. The Clerk is directed to mail a certified copy of the order of remand to the clerk of the State court.

IT IS FURTHER ORDERED that plaintiff's request for oral argument is denied.

IT IS FURTHER ORDERED that defendants pay the just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. The amount of attorney's fees will not be determined at this time. Instead, counsel for the parties are directed to follow D.Kan. Rule 220, and within 60 days of this order provide the court with either an appropriate stipulation as to attorney's fees and request for an order, or a statement of consultation as contemplated under the rule.