**Gordon JOHNSTON, Plaintiff,**

**v.**

**TAMPA SPORTS AUTHORITY and Henry G. Saavedra, in his official capacity as Executive Director of the Tampa Sports Authority, Defendants.**

**No. 8:05 CV 2191 T 27MAP.**

United States District Court,
M.D. Florida,
Tampa Division.

Dec. 23, 2005.

Amy Lea Drushal, Trenam, Kemker, Scharf, Barkin, Tampa, FL, John D. Goldsmith, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, FL, Randall C. Marshall, American Civil Liberties Union, Foundation of Florida, Inc., Miami, FL, Rebecca H. Steele, ACLU Foundation of Florida, Inc., West Central Florida Office, Tampa, FL, for Plaintiff.

John Irving Van Voris, Gray Robinson, P.A., Richard Michael Zabak, GrayRobinson, PA, Tampa, FL, for Tampa Sports Authority, Henry G. Saavedra, Defendants.

## ORDER

WHITTEMORE, District Judge.

**BEFORE THE COURT** is Plaintiff's Corrected Motion to Remand (Dkt. 10,11) and Defendants' Response in opposition (Dkt. 17). Upon consideration, Plaintiff's motion is DENIED.

This case was originally filed in the Circuit Court of Hillsborough County, Florida by Plaintiff, a Tampa Bay Buccaneers season ticket holder, against the Tampa Sports Authority and its Executive Director. In his initial lawsuit, Plaintiff sought declaratory and injunctive relief, contending that mass pat-downs of patrons attending Buccaneer games at Raymond James Stadium conducted by the Defendants violate his constitutional rights under the Florida Constitution. After an evidentiary hearing, the state court issued a preliminary injunction, enjoining Defendants from conducting "mass suspicionless pat-down searches of every person attending Bucs games at RJS." That November 2, 2005 injunction was automatically stayed pending appeal. Defendants filed an appeal on November 3rd and on November 4th, the Florida Second District Court of Appeal vacated the stay pursuant to Plaintiff's motion, indicating that an opinion would be forthcoming.

On November 17th, Defendants' attorney received a copy of Plaintiff's First Amended Complaint by fax, which for the first time raised a claim under the United States Constitution and federal law. On the same day, Defendants filed their initial brief on appeal, in accordance with the directive of the state court which had en-

tered the preliminary injunction. On November 30th, Defendants removed the case to federal court, within hours of the Florida appellate court's opinion explaining why the stay had been vacated. Plaintiff seeks an order remanding the case to state court, contending that Defendants waived their right to remove by filing their initial brief on appeal and waiting to remove the case until the Second District published its opinion.

When a case filed in state court is not removable based on the initial pleading, a notice of removal may be filed within thirty days after receipt of a copy of the amended pleading from which it could be first ascertained that the case was removable. 28 U.S.C. § 1446(b). Here, based on the affidavits of Defendants' attorneys, they did not receive a copy of Plaintiff's Amended Complaint raising the federal claim until November 17th. Plaintiff does not contend that the removal was untimely, only that Defendants' participation in the appeal and the time they waited to remove constitutes a waiver.[1]

■ A defendant's intent to waive its right to remove must be clear and unequivocal and will not result from defensive action in state court, short of proceeding to an adjudication of the merits. *Miami Herald Publ'g Co. v. Ferre*, 606 F.Supp. 122, 124 (S.D.Fla.1984); *Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732, 738 (E.D.Ky.1981). A defendant may not, however, after having argued and lost an issue in state court, remove the case to federal court for what would be in effect an appeal of the state court's adverse decision. *Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F.Supp.

1476, 1480 (C.D.Ill.1984). A defendant should not be able "to experiment with his case in state court, and, upon adverse decision, remove the case for another try in federal court." *Rose v. Giamatti*, 721 F.Supp. 906, 922 (S.D.Ohio 1989).

■ As a practical matter, by virtue of the removal, this federal case will be a review of the state court's preliminary injunction. Notwithstanding, that injunction did not resolve the merits of the case and Defendants did not attempt to have the case resolved on the merits. By seeking interlocutory review of the preliminary injunction, Defendants merely continued their defensive efforts against the temporary injunction. They sought no affirmative relief from the state court and after receiving a copy of the Amended Complaint which raised the federal claim for the first time, took no further action to prosecute the appeal, other than preserving their right to appeal in accordance with the state court's directive. These circumstances do not support a finding that Defendants clearly and unequivocally waived their right to remove to federal court. In similar circumstances, defendants have been found not to have waived their right to remove by defending a preliminary injunction, moving to dissolve a preliminary injunction, or appealing from a preliminary injunction. *See Bedell v. H.R.C. Ltd., supra; Rothner v. City of Chicago*, 879 F.2d 1402, 1418–19 (7th Cir.1989); *Rose v. Giamatti, supra; Atlanta, K. & N. Ry. Co. v. S. Ry. Co.*, 131 F. 657, 660–63 (6th Cir.1904); *Beasley v. Union Pac. R.R. Co.*, 497 F.Supp. 213, 216–17 (D.Neb.1980); *Baker v. Nat'l Boulevard Bank of Chicago*, 399 F.Supp. 1021 (N.D.Ill.1975).[2]

---

1. The First Amended Complaint contained a certificate of service by mail but referenced a notice of hearing. Even if Defendants are charged with earlier notice that the case was removable based on the certificate of service, the result would be the same.

2. *Chicago, I. & N.P.R. Co. v. Minn. & N.W.R. Co.*, 29 F. 337 (D.Iowa 1886), on which Plaintiff relies, does find waiver where a defendant actively defended entry of a temporary restraining order and appealed the order. The

Moreover, this record suggests that Defendants' attorneys were literally in the process of filing the notice of removal when the appellate opinion was published. In any event, Defendants already knew that the appellate court had vacated the stay on November 4th, so its opinion explaining the reasons simply confirmed that Defendants' prospects on appeal were not favorable.

In this case, Defendants first received a copy of Plaintiff's Amended Complaint on November 17, 2005. It could only be ascertained from that Amended Complaint that the case was removable. Defendants filed a timely notice of removal. The only affirmative action Defendants took after receiving a copy of Plaintiff's Amended Complaint was to file their initial brief on appeal, as they had been directed to do by the state court judge. Had they not done so, Defendants may not have preserved their right to appeal the preliminary injunction. The appeal was "merely a continuation of their resistance to the entry of the temporary injunction," which does not constitute a waiver of the right to remove. *Bedell v. H.R.C. Ltd.,* 522 F.Supp. at 740. That they delayed filing the Notice of Removal some eight business days after they received a copy of the Amended Complaint is of no moment, as they took no further steps to prosecute the appeal or otherwise obtain relief from the state courts. Defendants did not clearly and unequivocally waive their right to remove to federal court.

more contemporary decisions are better reasoned.