Application of The City of New York, relative to acquiring title, where not heretofore acquired for the same purposes to certain lots or parcels of land consisting of a portion of Block 4051 located at Linwood Street, Sutter Avenue and Essex Street as shown on the Tax Maps of the Borough of Brooklyn, duly selected as a site for Police Station House purposes: 73RD PRECINCT STATION HOUSE IN the BOROUGH OF BROOKLYN, CITY OF NEW YORK.

No. 71-C-574.

United States District Court, E. D. New York.

July 20, 1971.

---

Edward R. Neaher, U. S. Atty., by Cyril Hyman, Asst. U. S. Atty., for claimant-petitioner.

J. Lee Rankin, Corp. Counsel by Simon Meisler, New York City, and Carl E. Schiffer, for respondent.

BARTELS, District Judge.

This is a condemnation proceeding originally commenced by the City of New York ["City"] in the New York State Supreme Court, Kings County, and subsequently removed to this court by the United States.

The City moves for an order remanding the proceeding to the State Supreme Court, upon the grounds that (1) the petition for removal was not timely filed; (2) insufficient papers have been submitted to support the petition for removal; (3) the action is substantively non-removable under the applicable statutes. The chronology of events is as follows:

### Proceedings

On December 9, 1968, the Secretary of Housing and Urban Development (Secretary) acquired from Mr. and Mrs. Kurt Hoffman title to certain real property, known as "parcel No. 9", located at 520 Essex Street, Brooklyn, N.Y., by deed, taken in lieu of foreclosure. The deed was recorded on December 11,

1968. At that time, a mortgage on the property was held by the Buffalo Savings Bank, an assignee of the Eastern Service Corporation.

On April 1, 1969, the City commenced publication in the City Record, of a notice of condemnation proceedings for ten consecutive days, terminating such publication on April 11, 1969, as required and authorized by the City Charter, Chapter 15, Section 382.

On April 8, 1969, actual notice of the proceedings was given to Mr. and Mrs. Hoffman and to the Eastern Service Corporation.

On April 28, 1969, the order of condemnation was signed and entered. Notice to file claims and proof of title was then published in the City Record for ten consecutive issues beginning May 21, 1969 and ending June 2, 1969.

On July 10, 1969, notice of trial (presumably on the compensation to be paid on each parcel) was mailed to all persons appearing of record on that date. The Secretary had not appeared in the proceedings as of that date and hence received no such notice.

On August 11, 1969, trials were begun respecting all parcels.

On July 29, 1970, the court awarded damages on parcel No. 9.

On September 14, 1970, the United States filed a "Claim" in the above entitled action in State Supreme Court, alleging that that court lacked subject matter jurisdiction over the matter as respects parcel No. 9.

On September 30, 1970, a motion was filed by the United States for an Order relieving it from "any legal affects of the title vesting proceedings" and to "vacate the notice of taking" of parcel No. 9.

On April 28, 1971, the motion was heard and denied in open court.

On May 10, 1971, a Notice of Settlement was served upon the United States Attorney that an Order denying the motion would be presented for signature to the court on May 14, 1971.

On May 13, 1971, a tentative decree embodying the amount awarded for parcel No. 9 was signed.

On May 14, 1971, the United States filed its removal petition.

### Untimeliness

28 U.S.C. § 1446, which governs the removal procedure of civil cases, reads in pertinent part as follows:

> (b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service *or otherwise,* of a copy of the *initial pleading setting forth the claim for relief* upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (emphasis supplied)

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service *or otherwise,* of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. (emphasis supplied)

The government contends that removal of the case was timely, since the first order it received which indicated to it that the proceedings were removable was the Notice of Settlement mailed to it on May 10, 1971. This argument fails. It would strain credulity to believe that petitioner could have actually filed a claim in the State proceeding on September 14, 1970 without having received a copy of the initial pleading or some other paper indicating that the case was removable some time prior to that date. The City of New York was not required to actually mail such papers to the United States Attorney, the Secretary, or the Federal Housing Administrator. It is sufficient that such papers were re-

ceived "otherwise", i. e. other than by service. *Cf.* French v. Banco Nacional de Cuba, 192 F.Supp. 579 (S.D.N.Y. 1961). Considering the nature of the government's claim filed in State court, and the claimed basis for removal hereafter discussed, the government must have learned of the purported basis for removal before appearing in the State action by filing its claim. Therefore, accepting September 14, 1970 as the latest date from which the thirty (30) day period could have begun to run, removal in the instant case was clearly untimely and the action must be remanded.

### Waiver

■ For another reason the action must be remanded. By moving in state court to vacate the notice of taking and to relieve the Secretary from "any legal affects of the title vesting proceeding", and by arguing the merits of the government's immunity from suit in the condemnation proceeding, petitioner has waived its right to remove. Vendetti v. Schuster, 242 F.Supp. 746 (W.D.Pa. 1965); O. G. Orr & Co. v. Fireman's Fund Insurance Co., 36 F.2d 378 (S.D. N.Y.1929). In essence, petitioner is attempting to appeal the adverse determination of the State court by way of a removal proceeding. This it cannot do. Ristuccia v. Adams, 406 F.2d 1257 (9th Cir. 1969), appeal dismissed 396 U.S. 1, 90 S.Ct. 24, 24 L.Ed.2d 3 (1969).

### Basis for Removal

■ Finally, we find no basis upon which removal can successfully be predicated. The government relies on 28 U. S.C. § 1442(a) (1) and (2) in support of its removal petition reading as follows:

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States."

§ 1441(a) (1) is obviously inapplicable. The Secretary herein is not being sued for "any act under color of such office." The objects of the condemnation proceeding are the parcels of land, including parcel No. 9, and the Secretary is party to the suit only by virtue of his status as titleholder to the property.

Equally unavailing is § 1441(a) (2). In the instant case, the F.H.A. holds title which was "derived" directly from private parties, i. e. Mr. and Mrs. Hoffman, and not from a federal officer. The section is directed to circumstances comparable to those in Barnette v. Wells Fargo Nevada National Bank, 270 U.S. 438, 46 S.Ct. 326, 70 L.Ed. 669 (1926), where the Supreme Court stated, in sustaining removal:

"The purpose of the suit was to recover land and funds then in charge of the receiver of a court in Alaska [at that time a federal territorial court] which was created by laws of Congress, and derived its powers and authority from those laws."

No similar circumstance is here present.

■ A more difficult question is presented with respect to removal under 28 U.S.C. § 1441(b). That section provides, *inter alia,* that an action is remov-

able if it is within the original jurisdiction of the U.S. District Court and it arises "under the Constitution, treaties or laws of the United States * * * ". Although a condemnation action is in an ultimate sense governed by the federal due process standard of "just compensation", it has been held that such an action is not removable by virtue of that fact alone. City of Cleveland v. Corley, 398 F.2d 41 (6th Cir. 1968).

The dispositive question becomes, therefore, whether the action is one within the original jurisdiction of the district courts arising under the Constitution and laws by virtue of the fact that the United States is one of the condemnees in the action. This is a debatable question. No case has been discovered by the court directly in point, and there seems to be a division of authority as to whether naming the United States as a defendant makes the case *per se* one involving a federal question. *Compare,* In re Green River Drainage Area, 147 F.Supp. 127 (D.Utah C.D.1956) with Torquay Corporation v. Radio Corporation of America, 2 F.Supp. 841 (S.D.N.Y.1932) and J. Moore, Federal Practice, ¶ 0.166 at 893, fn. 5 (2d Ed.1965). In accordance with In re Green River Drainage Area, *supra,* it is our view that the condemnation action is not one within the original jurisdiction of the district courts founded upon a claim or right arising under the Constitution or laws of the United States, and does not become one solely because the Federal Housing Administrator has title to some property subject to such proceeding. *Cf.* Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903 (1933); Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

For all of the above reasons, the action is hereby remanded to the State Supreme Court, Kings County for further proceedings.

So ordered.