**GENIE MACHINE PRODUCTS, INC.,**
Plaintiff,

v.

**MIDWESTERN MACHINERY COM-
PANY and David S. Gronik and
Company, Inc., Defendants.**

No. 73CV582–S.

United States District Court,
W. D. Missouri, S. D.

Jan. 2, 1974.

Thomas D. Dwyer, Springfield, Mo., for plaintiff.

James K. Prewitt, Springfield, Mo., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

COLLINSON, District Judge.

This is an action for alleged interference with the plaintiff's economic relations with its customers and creditors by way of an injurious falsehood published by the defendants. W. Prosser, Torts § 128 (4th ed. 1971). The complaint alleges that the defendants caused a public auction notice to be printed, published and circulated throughout the United States; that the notice offered certain property for sale and contained the plaintiff's name in such a way that it falsely represented that the plaintiff's property was to be sold at the auction; that the notice was calculated to and did create the impression among the plaintiff's customers and creditors that the plaintiff was liquidating its assets and going out of business; that the property advertised for sale was not the plaintiff's property nor was any person authorized to use the plaintiff's name in the notice; that the plaintiff informed defendant David S. Gronik & Co., Inc. (Gronik) of its objections to the notice; that the defendants ignored the plaintiff's objections and later caused a newspaper advertisement to be published offering the same property for sale and again using the plaintiff's name in a false and injurious manner; and that the defendants' acts were unauthorized by the plaintiff, were wrongful, intentional, and malicious, and were done without just cause or excuse. Plaintiff prays for $10,000 compensatory damages and $250,000 punitive damages.

This action was begun in the Circuit Court of Greene County, Missouri, as a suit by attachment, Mo.Rev.Stat. § 521.050, on November 7, 1973. A writ of attachment was issued against the defendants' property in Missouri. The auction was scheduled for the following day, November 8. On that day, the plaintiff and the defendants executed a stipulation to the following matters:

1. Defendants will deposit proceeds of sale of November 8, 1973, with the clerk of court or sheriff, to be released upon posting corporate surety bond in amount of $100,000.00 securing payment of any judgment in favor of plaintiff.

2. Defendants will promptly enter general appearance in this action.

3. Plaintiff, in consideration of above, will request sheriff not to serve writ of attachment.

The auction was conducted on November 8 and $99,000 were realized. This money was deposited with the Greene County Circuit Court Clerk. The defendants later posted a $100,000 corporate surety bond and the auction proceeds were released. Defendant Midwestern Machinery Company (Midwestern) also made a general appearance in the state suit. On November 26, 1973, the defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441, 1446 (1970).

Plaintiff now has moved the Court to remand this action to the Greene County Circuit Court under 28 U.S.C. § 1447(c) (1970). In support of that motion, the plaintiff suggests two grounds requiring remand: (1) the complaint does not plead the requisite jurisdictional amount under 28 U.S.C. § 1332(a) (1970); and (2) the defendants waived their right to removal by their conduct in the state suit. The motion will be denied.

First to be considered is the plaintiff's claim that the amount in controversy does not exceed $10,000, exclusive of interests and costs, as required for jurisdiction by subsection 1332(a). Since the total of the compensatory and punitive damages pleaded by the plaintiff exceeds the requisite jurisdiction amount, the question is whether punitive damages may be considered in determining the

amount in controversy. It is well settled that compensatory and punitive damages can be combined in determining the amount in controversy when punitive damages legally can be recovered under the cause pleaded by a party. Bell v. Preferred Life Society, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943). Punitive damages are recoverable in Missouri for tortious conduct where actual damages were occasioned by wilful, wanton, or malicious conduct, or conduct so reckless as to be in utter disregard of the consequences. McClellan v. Highland Sales & Investment Co., 484 S.W.2d 239, 242 (Mo. 1972); Warner v. Southwestern Bell Telephone Co., 428 S.W.2d 596, 603 (Mo. 1968); Tietjens v. General Motors Corp., 418 S.W.2d 75, 88 (Mo.1967). Since the complaint alleges that the defendants' tortious conduct was malicious, punitive damages legally can be recovered in this action. The amount in controversy, therefore, is $260,000, far in excess of the requisite jurisdictional amount of $10,000.

■■■ Secondly, the plaintiff claims that the defendants waived their right to removal by their conduct in the state suit. The diversity of the parties' citizenship is not disputed by the plaintiff and it is now settled that the requisite jurisdictional amount is in controversy. Hence, the right to remove from the state to the federal court existed when the suit by attachment was filed in the Greene County Circuit Court. 28 U.S.C. § 1441 (1970). That right continued unless lost by some act of the defendants amounting to a waiver of the right. The defendants, of course, should not be deprived of their constitutional and statutory right to a trial in a federal court upon the ground of waiver unless a clear case of intent to submit and have a hearing in the state court is made to appear. McMillen v. Indemnity Ins. Co., 8 F.2d 881, 883 (W.D.Mo.1925). The conduct relied upon by the plaintiff as constitut-

ing a waiver must clearly indicate an intention to submit to the jurisdiction of the state court. "That cannot be true when the act is not inconsistent with an intent to apply for removal." State v. Missouri Public Service Corp., 25 F.Supp. 690, 691 (W.D.Mo.1938).

■■■ Plaintiff suggests that the voluntary general appearance by defendant Midwestern evidences an intent to submit to the state court's jurisdiction. We do not agree. A voluntary general appearance in a state court proceeding is not sufficient to demonstrate a waiver of the right to remove. Stevens v. Richardson, 9 F. 191, 195 (C.C.S.D.N.Y.1891).

■■■ Plaintiff also suggests that the steps taken by both defendants to avoid the attachment evidence an intent to submit to the state court's jurisdiction. Again we do not agree. Filing a bond to procure *discharge* of an attachment is not sufficient to demonstrate a waiver of the right to remove. Whiteley Malleable Castings Co. v. Sterlingworth Railway Supply Co., 83 F. 853 (C.C.D.Ind. 1897). It follows that the defendants' stipulation to deposit the proceeds of the auction and to post a bond to secure release of those proceeds, made for the purpose of *avoiding* an attachment, also does not evidence a waiver. It is clear that this was the sole purpose of the defendants' stipulation. If the attachment had been effected, the auction could not have been held. Since the auction was to be held the day following the filing of the state suit, expeditious action by the defendants was necessary. The Court reads nothing else into the defendants' conduct.

Since the requisite jurisdictional amount is in controversy and the defendants' conduct in the state suit was not inconsistent with an intent to apply for removal, it is

Ordered that the plaintiff's motion to remand be, and hereby is, denied.