The **MIAMI HERALD PUBLISHING COMPANY, a DIVISION OF KNIGHT–RIDDER NEWSPAPERS, INC., a Florida corporation and Rick Hirsch, Plaintiffs,**

v.

**Maurice A. FERRE, individually and as Mayor of the City of Miami; the City of Miami, a Florida municipal corporation; Marie Petit; Nestor Toledo; and Alina Novaro, Defendants.**

No. 84–2918–Civ–King.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 27, 1984.

Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A., Paul & Burt, P.A., Richard J. Ovelmen, Miami, Fla., for plaintiffs.

Fine Jacobson Schwartz Nash Block and England, John Copelan, Miami, Fla., for defendants.

## ORDER DENYING PETITION FOR REMAND

JAMES LAWRENCE KING, Chief Judge.

This cause arises before the Court upon the petition of defendants, MAYOR MAURICE A. FERRE and THE CITY OF MIAMI, to remove the above-styled action instituted in state court by the plaintiffs, THE MIAMI HERALD PUBLISHING COMPANY and its reporter RICK HIRSCH, and upon plaintiffs' petition for remand.

On December 7, 1984 plaintiffs filed the above-styled action, numbered 84–45183, in the 11th Judicial Circuit Court, Dade County, Florida seeking declaratory, injunctive and other relief against the defendants for their destruction of records relating to the vote to terminate former City Manager Howard Gary. The state court heard and granted a motion for temporary injunction against the defendants immediately after the filing of the complaint. Two of the defendants, MAYOR MAURICE A. FERRE and THE CITY OF MIAMI, subsequently filed a petition for removal with this Court on December 13, 1984, based upon the presence of 42 U.S.C. § 1983 claims. Plaintiffs then filed their petition for remand on December 14, 1984 and this Court heard oral argument on the matter on December 20th.

Plaintiffs' petition for remand of this action is predicated upon the following arguments which this Court will address separately below:

1. The petition for removal is facially defective because it is joined by only two, MAYOR MAURICE A. FERRE and THE CITY OF MIAMI, of the five defendants named in the state court action.

2. The right to remove under 28 U.S.C. § 1441 and § 1446 was waived by all the defendants in the state court action when, prior to the filing of the petition for removal, they entered substantive defenses to the state court action by filing and serving in state court an answer and affirmative defenses to the complaint.

### 1. *Nonjoinder in Removal Petition*

At the outset, this Court finds that plaintiffs' procedural objections to the removal petition which were based upon the nonjoinder by three of the defendants have been cured by the timely filing on November 19, 1984 of written consents to the petition for removal by all three of the defendants in question, MARIE PETIT, NESTOR TOLEDO and ALINA NOVARO.

As regards the joinder requirement, the Court first notes that plaintiffs are correct in arguing that under the removal procedures specified in 28 U.S.C. § 1446(a) all defendants are required to join in the removal petition. *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 326–27 (5th Cir. 1970). Moreover, plaintiffs are also correct in their assertion that, while an exception

to the joinder rule exists for purely nominal or formal parties, it is clear that none of the defendants herein meets the test for a nominal party as outlined by the Court in *Tri-Cities, id.* at 327, and, thus, all the named defendants in the instant action are required to join in the removal petition. However, what plaintiffs neglected to take account of in their petition for remand is that § 1446(b) provides that all defendants have thirty days after receipt of service within which to petition for removal. In addition, the Court further notes that it is well established that "the joinder requirement of section 1446 is satisfied where one defendant files a singular removal petition, if all defendants served on or before the filing of that petition thereafter timely file either their own removal petitions or their joinder in *or consents to the original petition.*" *Albonetti v. GAF Corporation-Chemical Group,* 520 F.Supp. 825, 828 (S.D.Tex.1981) (emphasis added). Accordingly, as the complaint in this action was filed and served on all defendants on December 7, 1984 the Court finds that the defendants have timely complied with the removal procedure of § 1446(b) by filing written consents to the petition for removal on December 19th.

As a final matter, the Court notes that plaintiffs at the oral argument on December 20th raised other objections dealing with technical defects in the removal procedure. Specifically, plaintiffs argue that the removal bond filed by defendants MAYOR MAURICE A. FERRE and THE CITY OF MIAMI is defective in that it runs to only one of the plaintiffs, THE MIAMI HERALD PUBLISHING COMPANY; it is not joined in by all of the defendants; and that cash, in lieu of a proper bond, was filed with the clerk of the court. However, here again, as in the case of the joinder requirement, the Court reminds plaintiffs that § 1446 provides for a thirty day limitation period within which to file a proper removal petition which includes the filing of a proper bond. See *Proteus Foods & Industries, Inc. v. Nippon Reizo Kabushiki Kaisha,* 279 F.Supp. 876, 878 (S.D.N.Y.1967). The Court is satisfied by defendants' assurances made at the December 20th oral argument that all defects in the removal bond will be cured within the limitations period and, therefore, finds that remand of the action due to the defective removal bond is not warranted at this time.

### 2. *Waiver of Removal Right*

The Court is unpersuaded by plaintiffs' argument that the defendants herein have waived their right to removal by filing an answer and affirmative defenses in state court. In this regard, the Court adopts the well-reasoned view stated by the Court in *Bedell v. H.R.C. Ltd.,* 522 F.Supp. 732, 738 (E.D.Ky.1981) (quoting 1A Moore's Federal Practice § 0.157(9) at 127), "that although waiver of the right of removal is possible, 'the defendant's intent (to waive) must be clear and unequivocal. Waiver will not occur by defensive action in the state court, short of proceeding to an adjudication on the merits.'" Moreover, the Court also concurs in the analysis of the Court in *Haun v. Retail Credit Company,* 420 F.Supp. 859, 864 (W.D.Pa.1976) where it notes that "the Federal Rules of Civil Procedure contemplate an answer in state court before removal to federal court. Rule 81(c) provides that in actions removed to federal court: repleading is not necessary unless the court so orders. In a removed action in which the defendant had not answered, he shall answer ... within 20 days." Accordingly, the Court finds that the defendants in the instant action have not waived their right to remove by either defending at the preliminary injunction hearing or by filing an answer and affirmative defenses in state court prior to filing a timely petition for removal.

In conclusion the Court finds that the defendants have complied with removal procedure under § 1446 and, therefore, that the federal claims based upon 42 U.S.C. § 1983 in the above-styled action are properly removed to federal court. As this Court also finds that the remaining state claims are within its pendant jurisdiction, it will exercise its discretion to consider the entire action.

The Court, being fully advised, herein does:

ORDER and ADJUDGE that the plaintiffs' petition for remand be, and it is, DENIED. Consistent with this Order, the defendants are hereby directed to cure all defects in the removal bond before the expiration of the limitations period on January 7, 1985.

DONE and ORDERED in chambers at the United States Courthouse, Miami, Dade County, Florida this 26th day of December, 1984.