**BOLIVAR SAND COMPANY, INC., Plaintiff,**

v.

**ALLIED EQUIPMENT, INC., et al., Defendants.**

No. 84–1184.

United States District Court, W.D. Tennessee, E.D.

March 17, 1986.

Charles M. Cary, Bolivar, Tenn., and James E. Conley, Memphis, Tenn., for plaintiff.

Thomas F. Johnston, and Terese B. De-Boo, Memphis, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

TODD, District Judge.

Presently before this Court is a motion by plaintiff to remand this removed action to state court on the ground that defendant Detroit Diesel Allison Division of General Motors waived its right to remove. For the reasons set forth herein, that motion is granted.

Plaintiff Bolivar Sand Company originally filed this action in the Circuit Court of Hardeman County, Tennessee, naming as defendants Allied Equipment, Inc. (Allied); VICO GM Diesel, Inc. (VICO); Detroit Diesel Allison Division of General Motors Corp. (DDAD); and Hy-Dynamic Division of Bucyrus-Erie Co. (Hy-Dynamic). Both plaintiff and VICO are Tennessee corporations; the remaining three defendants are not.

A trial in state court was commenced on September 4, 1984. Prior to trial, plaintiff voluntarily non-suited Hy-Dynamic, leaving only Allied, VICO, and DDAD as defendants. At the close of plaintiff's proof, defendant DDAD informed the court that it had a matter to present to the court. Before DDAD presented its motion, plaintiff's attorney announced "before [DDAD's attorney] proceeds we'll take a voluntary non-suit as to Allied and Vico." Transcript of State Court Proceedings, Plaintiff's Exhibit A, at 2. Without commenting on the

non-suits, DDAD's attorney moved for a directed verdict. *Id.* After hearing the position of both attorneys, the trial judge overruled the motion and adjourned court until the next day.

The next morning, DDAD made a motion for a mistrial on the ground that the machine in question had been examined by defendant Hy-Dynamic without DDAD being present, contrary to an agreement between plaintiff and DDAD. According to DDAD, VICO then changed its position at trial "180 degrees" from the position it took in pre-trial depositions, thereby resulting in unfair surprise to DDAD. In addition, DDAD contends that it was the victim of a "Mary Carter type" agreement. *See* Plaintiff's Exhibit B, at 3–4. After plaintiff argued its position, the trial judge denied DDAD's motion for a mistrial.

Following the denial of its motion for a mistrial, DDAD informed the trial judge that it intended to remove the action to federal court. Plaintiff's Exhibit B, at 10. Because of a death in the family of one of the jurors, the trial was adjourned until September 7, 1984. On September 6, 1984, DDAD filed its petition to remove the action to this Court. On September 7, 1984, DDAD served plaintiff with a copy of the petition and informed the court of its filing. The trial judge then ruled that DDAD had waived its right to remove and ordered that the trial continue. DDAD presented its proof and the case was submitted to the jury later that day. After a short deliberation, the jury returned a verdict for plaintiff.

Plaintiff filed the present motion to remand on October 3, 1984, contending that DDAD waived its right to remove by making the motions for a directed verdict and for a mistrial. In its response, DDAD asserted that it made known its intent to remove as soon as the case became removable and that the motions did not operate to waive its right. According to DDAD, it was in the process of making the motion for a directed verdict when plaintiff announced the non-suit of the non-diverse defendant and the mere continuation of that

motion cannot be interpreted as a "clear and unequivocal" indication of waiver. Furthermore, DDAD contends that it informed plaintiff the next day of its intent to remove before making the motion for a mistrial. Based upon those actions, DDAD alleged that it had not waived its right to remove.

■ As soon as complete diversity was created by plaintiff's voluntary non-suit of VICO, defendant DDAD had the right to remove the action to this Court. *See* 28 U.S.C. § 1446(b). *See also* 1A J. Moore, B. Ringle & J. Wicker, *Moore's Federal Practice* ¶ 0.168[3.–5–6] (2d ed. 1985). That right may be waived, however, by acts taken subsequent to the creation of the right that indicate a submission to the jurisdiction of the state court. *Moore's Federal Practice, supra,* at ¶ 0.157[9]. *See also Bedell v. H.R.C. Ltd.,* 522 F.Supp. 732, 737 (E.D.Ky.1981). As was noted by one court, "[a] defendant simply cannot ... 'experiment on his case in the state court, and, upon an adverse decision, then transfer it to the Federal Court.'" *Aynesworth v. Beech Aircraft Corp.,* 604 F.Supp. 630, 637 (W.D.Tex.1985) (quoting *Rosenthal v. Coates,* 148 U.S. 142, 147, 13 S.Ct. 576, 577, 37 L.Ed. 399 (1893)).

In a case such as the present in which the right to remove did not exist initially, the issue is what acts are sufficient, once that right is created, to constitute a waiver of the right. Although the reported cases on this issue span a broad range of actions by defendants, the general rule is that the actions must evidence a "clear and unequivocal" intent to waive the right to remove. *Bedell,* 522 F.Supp. at 738. *See also Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH,* 579 F.Supp. 1476, 1479 (C.D.Ill.1984); *Capital Bank & Trust Co. v. Associated Int'l Ins. Co.,* 576 F.Supp. 1522, 1524 (M.D.La.1984); *Beasley v. Union Pac. R.R. Co.,* 497 F.Supp. 213, 215–16 (D.Neb.1980), *appeal dismissed,* 652 F.2d 749 (8th Cir.1981) (quoting *Davila v. Hilton Hotels Int'l, Inc.,* 97 F.Supp. 32, 34 (D.P.R.1951); *Genie Mach. Prod., Inc. v. Midwestern Mach. Co.,* 367 F.Supp. 897,

899 (W.D.Mo.1974); *Moore's Federal Practice, supra,* at ¶ 0.157[9] and cases cited therein at n. 22.

In determining what acts constitute a "clear and unequivocal" intent to waive a right to remove, courts have generally found that preliminary matters, such as filing an answer, will not suffice. *See, e.g., Estevez-Gonzales v. Kraft, Inc.,* 606 F.Supp. 127 (S.D.Fla.1985) (answer, motion for extension of time, service of interrogatories); *Gore v. Stenson,* 616 F.Supp. 895 (S.D.Tex.1984) (answer); *Adams v. Lederle Laboratories,* 569 F.Supp. 234 (W.D.Mo. 1983) (motion to set aside class certification); *Bedell, supra* (motion to abate and dismiss); *Beasley, supra* (motion to vacate temporary restraining order); *Haun v. Retail Credit Co.,* 420 F.Supp. 859 (W.D.Pa. 1976) (answer); *Baker v. National Boulevard Bank,* 399 F.Supp. 1021 (N.D.Ill.1975) (motion to vacate preliminary injunction); *Kemp v. Utah Constr. & Mining Co.,* 225 F.Supp. 250 (D.Or.1963) (motion for change of venue).

However, affirmative defensive actions, such as filing of cross-claims or permissive counterclaims, have been found to waive a defendant's right to remove. *See, e.g., Harris v. Brooklyn Dressing Corp.,* 560 F.Supp. 940 (S.D.N.Y.1983) (permissive counterclaim); *George v. Al-Saud,* 478 F.Supp. 773 (N.D.Cal.1979) (permissive counterclaim); *Baldwin v. Perdue, Inc.,* 451 F.Supp. 373 (E.D.Va.1978) (cross-claim). In addition, actions that may result in a disposition on the merits of the state court action, in whole or in part, have also been found to evidence the requisite intent. *See, e.g., Kiddie Rides USA, supra* (motion to vacate order of attachment); *In re 73rd Precinct Station House,* 329 F.Supp. 1175 (E.D.N.Y.1971) (motion to vacate notice of taking); *Southwest Truck Body Co. v. Collins,* 291 F.Supp. 658 (W.D.Mo.1968) (petition for writ of prohibition following denial of motions to quash contempt citations and to dissolve injunction).

■ The critical factor in determining whether a particular defensive action in the state court should operate as a waiver of the right to remove is the defendant's intent in making the motion. If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred. On the other hand, if a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion.

■ It should be noted, however, that the "mere *filing* in the state court of a pleading raising a defense which might be conclusive of the merits is insufficient for waiver. There must be further action on the part of the defendant resulting in a decision on the merits of the defense" to waive the right to remove. *Bedell,* 522 F.Supp. at 738 (emphasis in original). Thus, if a potentially dispositive motion, such as a motion to dismiss, is made and argued by the defendant, the state court's adverse decision cannot be "appealed" to this Court by way of removal. *See Kiddie Rides USA,* 579 F.Supp. at 1480.

■ Applying these principles to the instant case, it appears that defendant has waived its right to remove. Before informing the state court of its intent to remove, defendant made motions for a directed verdict and for a mistrial. Both of these motions were argued by defendant and denied by the state court. It was only after the motion for a mistrial had been denied that defendant announced its intent to remove. The motion for a directed verdict certainly would have been dispositive of the action. The making *and arguing* of this motion resulted in a submission by defendant to the jurisdiction of the state court. Having lost that motion, defendant may not now "appeal" the state court's decision to this court by removal. This Court finds, therefore, that defendant waived its right to remove by its affirmative defensive actions in the state court trial of this action. Accordingly, plaintiff's motion to remand is hereby granted.

IT IS SO ORDERED.