Robert B. FAIN, Sr., Plaintiff,

v.

BILTMORE SECURITIES, INC.,
et al., Defendants.

Civil A. No. 95–A–762–N.

United States District Court,
M.D. Alabama,
Northern Division.

April 5, 1996.

Lee H. Copeland, George Walton Walker, III, Copeland, Franco, Screws & Gill, P.A., Montgomery, AL, Steve Paul Gregory, Thomas L. Krebs, Ritchie & Rediker, P.C., Birmingham, AL, for Robert B. Fain, Sr.

Richard Henry Sforzini, Jr., Dana C. Gibson, Sirote & Permutt, P.C., Montgomery, AL, for Biltmore Securities, Inc., Monroe Parker Investment Bankers, Stephen Kiront, David Levy.

Lee H. Copeland, George Walton Walker, III, Copeland, Franco, Screws & Gill, P.A., Montgomery, AL, Steve Paul Gregory, Thomas L. Krebs, Ritchie & Rediker, P.C., Birmingham, AL, for Robert B. Fain, Jr., John Mark Fain.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### INTRODUCTION

On May 1, 1995, Robert B. Fain Sr. ("Plaintiff") filed his complaint in the Circuit Court of Montgomery County against Biltmore Securities, Inc., Monroe Parker Investment Bankers, Stephen Kiront, David Levy, and certain fictitious defendants. On June 5, 1995, the Defendants removed the case to this court on the basis of the court's diversity jurisdiction under 28 U.S.C. § 1332.

On July 5, 1995, the Plaintiff filed his Motion to Remand the case to state court. The Plaintiff does not contest the underlying diversity jurisdiction of the court. Rather, Plaintiff argues that by virtue of filing a Motion for Stay Pending Arbitration, and for an Order Compelling Arbitration in the state court prior to removing, the Defendants waived their right to remove or, in the alternative, are estopped from removing this case to federal court.

### STANDARD FOR REMAND

 A defendant may remove a state court proceeding to federal court under 28 U.S.C. § 1441(a) if the federal court could have entertained the suit originally. However, the right to remove a case to federal court may be waived by acts taken in the state court, subsequent to the creation of the right to remove, that indicate the defendant has invoked the jurisdiction of the state court. *See* 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.157[9] (2nd ed. 1995) and cases cited therein. Also, a defendant will be deemed to have waived the right of removal where the removal is, in essence, an appeal from an adverse ruling of the state court. *See, e.g., Bolivar Sand Co. v. Allied Equipment, Inc.,* 631 F.Supp. 171, 173 (W.D.Tenn.1986); *In re 73rd Precinct Station House in Borough of Brooklyn, City of New York,* 329 F.Supp. 1175 (D.C.N.Y.1971); *McKinnon v. Doctor's Associates, Inc.,* 769 F.Supp. 216 (E.D.Mi.1991). As a general rule, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d 776, 782 (5th Cir.1989) (citing *Moore's Federal Practice, supra,* at 153).

 In order to find that the defendants waived their right to remove, this court must find that the Defendants clearly and unequivocally intended to waive the right to remove and to submit to the state's jurisdiction.[1] The relevant case law reveals two factors that guide the court's analysis in determining whether the right to remove a case to federal court has in fact been waived: 1) whether the actions taken by the Defendants in the state court were for the purpose of preserving the status quo, or did they manifest an intent to litigate on the merits in state court and 2)

---

1. *Regis Associates v. Rank Hotels Ltd.,* 894 F.2d 193 (6th Cir.1990); *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.,* 631 F.Supp. 171 (W.D.Tenn.1986); *Grubb v. Donegal Mut. Ins. Co.,* 935 F.2d 57 (4th Cir.1991); *Kiddie Rides USA, Inc. v. Elektro–Mobiltechnik GmbH,* 579 F.Supp. 1476 (C.D.Ill.1984); *Genie Mach. Products, Inc. v. Midwestern Machinery Co.,* 367 F.Supp. 897 (W.D.Mo.1974); *Haun v. Retail Credit Co.,* 420 F.Supp. 859 (W.D.Pa.1976).

whether the removal can be characterized as an appeal from an adverse judgment of the state court. *Bolivar Sand Co.,* 631 F.Supp. at 173; *Scholz v. RDV Sports, Inc.,* 821 F.Supp. 1469 (M.D.Fla.1993); *In re 73rd Precinct Station House in Borough of Brooklyn, City of New York,* 329 F.Supp. 1175 (D.C.N.Y.1971).

■ Plaintiff's second proposition is that pursuant to *Chicago Title & Trust Co. v. Whitney Stores, Inc.,* 583 F.Supp. 575 (N.D.Ill.1984), the Defendant is estopped from removing this case to federal court. At the outset, the court notes that continued application of the doctrine of estoppel to cases involving removal is in doubt. According to the holding in *In re Southwestern Bell Telephone Co.,* 535 F.2d 859 (5th Cir.1976), *aff'd* 542 F.2d 297 (5th Cir.1976) (*en banc*), *rev'd on other grounds* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977), persons who meet the criteria for removal have a statutory, as well as constitutional right to resort to the federal courts. According to the court, "[w]hatever the scope of the [estoppel] doctrine may be, so far as we have been able to discover, it has never been employed to prevent a party from taking advantage of a federal forum when he otherwise meets the statutory requirements of federal jurisdiction."[2] Moreover, according to *Chicago Title,* estoppel is an exception to the ordinary waiver analysis and applies when the case proceeds to trial within the thirty day removal period. 583 F.Supp. at 577. Therefore, since this case did not proceed to trial within the removal period, the estoppel exception does not apply, and this contention collapses into an argument for waiver. Accordingly, the court will address the single argument that the Defendants waived their right to remove.

### FACTS

Plaintiff initiated this action in the Circuit Court of Montgomery County, Alabama, on May 1, 1995. First service on a Defendant was on May 5, 1995. The Defendants responded on May 31, 1995, by filing with the Montgomery County Circuit Court a Motion for Stay Pending Arbitration and an Order Compelling Arbitration. On June 5, 1995, the Defendants filed their Notice of Removal with this court, thereby removing this case from the Montgomery County Circuit Court. As of June 5, 1995, the Montgomery County Circuit Court had not addressed the merits of the Defendants' May 31, 1995, motion, nor had a hearing been scheduled. On June 22, 1995, the Defendant filed an answer with this court. Plaintiff filed the Motion to Remand pursuant to 28 U.S.C. § 1447 on July 5, 1995.

### ANALYSIS OF THE COURT

Plaintiff concedes the diversity of the parties, the jurisdictional amount, and the timeliness of removal. Plaintiff argues solely that Defendants' actions in state court constitute a waiver of the right to remove and necessitates a remand under 28 U.S.C. § 1447(c).

■ The first factor in analyzing if a defendant has waived his right to remove is whether the Defendants were acting to preserve the status quo or intending to litigate on the merits. At least one court has addressed this issue in a procedurally similar case. In *Heafitz v. Interfirst Bank of Dallas,* 711 F.Supp. 92 (S.D.N.Y.1989), the court stated that waiver occurs when the defendant "manifest[s] an intent *to litigate* in the state court...." *Id.* at 97 (emphasis added). The critical inquiry, as stated by the court in *Heafitz,* "involves the *nature* of the action taken in state court before the removal petition is filed." *Id.* at 96 (emphasis in original) *See also Bolivar Sand Co., Inc. v. Allied Equipment Inc.,* 631 F.Supp. 171 (W.D.Tenn. 1986); *Vendetti v. Schuster,* 242 F.Supp. 746 (W.D.Pa.1965).[3]

**2.** Pursuant to *Bonner v. City of Pritchard,* all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, were adopted as binding precedent.

**3.** The Plaintiff asserts that a motion to stay and compel arbitration, is analogous to a permissive counterclaim in that both request the court to grant affirmative relief. Permissive counterclaims have consistently been held to effectuate a waiver. *See, e.g., Sood v. Advanced Computer Techniques Corp.,* 308 F.Supp. 239 (E.D.Va. 1969); *Harris v. Brooklyn Dressing Corp.,* 560 F.Supp. 940 (S.D.N.Y.1983).

**42**

■ The defendant in *Heafitz* filed and briefed a motion to dismiss prior to removal. Although the court had not ruled on the motion at the time the case was removed, the federal district court remanded the case under the doctrine of waiver. *Id.* The distinction between the Defendants' action in this case and the action taken in *Heafitz* is that in *Heafitz* the FDIC filed and briefed a motion to dismiss directed toward the merits of the plaintiff's claim. The FDIC's motion, if successful, would have resulted in the dismissal of the action on the merits. The Defendants' actions in this case were not directed towards the merits of the underlying claim, rather, the motion to stay and compel arbitration would, in effect, preclude any further proceedings on the merits by the state court. A motion to stay and compel arbitration does not submit the merits of the underlying claim to the jurisdiction of the state court.[4] Moreover, the motion did not progress beyond the filing stage. No briefs were filed on the issue, nor was a hearing scheduled. Therefore, the Defendants' actions did not manifest a clear and unequivocal intent to proceed on the merits of the case, but instead are more properly characterized as an attempt to preserve the status quo. According to the Fifth Circuit, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits. *Beighley,* 868 F.2d 776, 782 (5th Cir.1989).

The second factor in analyzing whether a waiver has occurred involves determining if the removal of the case to federal court is in effect an appeal of an adverse decision in the state court. *See, e.g., In re 73rd Precinct,* 329 F.Supp. 1175; *Bolivar Sand Co.,* 631 F.Supp. 171, 173 (W.D.Tenn.1986) ("if a potentially dispositive motion . . . is made and argued by the defendant, the state court's adverse decision cannot be appealed . . . by way of removal.")

The Defendants' removal of the present case to federal court can hardly be characterized as an appeal of an adverse decision.

Unlike the case of *McKinnon,* relied on by the Plaintiff, it is undisputed that this case was removed before a decision was reached by the state court on the motion to require arbitration. Indeed, the case was removed even before hearings on the motion were scheduled. Therefore, Defendants' removal does not constitute an appeal from an adverse state decision.

### *CONCLUSION*

For the foregoing reasons, the actions taken by the Defendants in state court cannot be said to rise to the level of a clear and unequivocal waiver of the right to remove the case to federal court. Accordingly, the Plaintiff's motion to remand is due to be and is hereby DENIED.

---

4. In this regard, a motion to stay and compel arbitration is unlike a permissive counterclaim in that the ultimate goal is to preclude the state court from taking further action on the case. The more fitting analogy is to filing an affirmative defense, which has been held to not effectu-

ate a waiver. *See, e.g., Miami Herald Pub. Co., Div. of Knight–Ridder Newspapers, Inc. v. Ferre,* 606 F.Supp. 122 (S.D.Fla.1984); *Baker v. National Blvd. Bank of Chicago,* 399 F.Supp. 1021 (N.D.Ill.1975).