**Wanda McKNIGHT,**

v.

**ILLINOIS CENTRAL RAILROAD, et al.**

**Civil Action No. 97–0375.**

United States District Court,
E.D. Louisiana.

June 12, 1997.

---

Brent Douglas Burley, Sibley, Caskey, Callender & Burley, Baton Rouge, LA, Chester John Caskey, Caskey & Burley, L.L.C., Baton Rouge, LA, for Wanda McKnight, Lee E. Bess, Earl K. Bates, Felix Bellager, Patricia Ann Bickham, Sharice Cook, Ross A. Brown, Alex Brumfield, Katherine James, Unidentified Parties.

Lawrence Emerson Abbott, Patrice W. Oppenheim, Abbott, Simses, Album & Knister, New Orleans, LA, for Illinois Cent. R.R.

## ORDER AND REASONS

DUVAL, District Judge.

A Motion to Remand and Motion for Leave to Amend Complaint was filed in this matter and taken on the papers. The Court has reviewed the motion, memoranda, exhibits and the law and finds that the motion is without merit.

### Background

On or about December 1, 1995, a freight train owned, organized and/or operated by the Illinois Central Railroad ("Illinois Central") was allegedly brought to a halt after numerous tank cars derailed and/or overturned in or around Tangipahoa, Louisiana. Some of the tank cars involved contained chlorine and acrylonitrile. Because of the derailment, it is alleged that over 2,000 individuals were temporarily displaced from their homes and businesses.

This suit was filed on November 27, 1996 by nine plaintiffs.[1] In this suit, plaintiffs specifically contend that as a result of the derailment they "suffered damages of inconvenience, disruption of domestic life, fear, anxiety and restriction or prevention of use and enjoyment of their estates within the meaning of Article 667 of the Louisiana Civil Code" for a period of approximately nineteen hours. (Petition, ¶ 4). Plaintiffs sued on their behalf and on behalf of all others similarly situated based on La. Civ.Code Arts. 2317 and 2315.3. Specifically, they state:

> Plaintiffs are nine individuals of a class of individuals known to be over two-thou-

---

1. The named plaintiffs in this matter are Wanda McKnight, Lee E. Bess, Earl K. Bates, Felix Bellager, Patricia Ann Bickham, Sharice Cook, Rose A. Brown, Alex Brumfield, and Katherine James.

sand in number who seek to enforce rights common to all members of the class of individuals injured and/or affected as a result of the December 1, 1995, derailment described herein, and pursuant to Article 592 of the Louisiana Code of Civil Procedure Plaintiffs represent that they will fairly insure the adequate representation of all members of this class and desire, moreover, that this matter be certified in due course as a class action with Plaintiffs herein being appointed class representatives.

Pursuant to Article 591 of the Louisiana Code of Civil Procedure, the class composite in this case of persons numbering over two-thousand is so numerous as to make it impracticable for potential plaintiffs to join or be joined in as parties in this case.

**On the basis of reasonable investigation, Plaintiffs individually and as class representatives stipulate that no single Plaintiff or claimant has sustained damages (whether compensatory or exemplary or both in excess of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS and waive any such claim on a per capita basis for purposes of jurisdiction and procedural requisites.**

(Petition ¶¶ 10–12) (emphasis added). Plaintiffs in their plea for relief seek in relevant part, *inter alia:*

"such special and general compensatory damages as are reasonable in the premises and for such exemplary damages as are reasonable in the premises and designed to prove their deterrent effect within the parameters of the ad damnum stipulation entered into by Plaintiffs herein, for interest from date of judicial demand until paid...."

(Petition, Prayer). Thus, plaintiffs have brought a class action in which no one plaintiff seeks more than $50,000.00. While there is no specific request for attorneys' fees to be awarded the class representative from any potential class fund as provided under article 595, the Court reads the request for reason-

able "special and general compensatory damages" as one including attorneys' fees.

The case was served on Illinois Central on January 22, 1997. Illinois Central removed this case on February 5, 1997, alleging diversity of jurisdiction with all parties being of diverse citizenship and with the amount in controversy exceeding $75,000. 28 U.S.C. § 1332.[2]

**Jurisdiction**

■ Considering these allegations and the Court's previous rulings in *Barbar Addison v. Illinois Central RR,* 967 F.Supp. 173 (E.D.La.1997) and the individual cases filed by counsel for Ms. McKnight that have previously been remanded, the Court believes that the sole inquiry and the only method by which it may entertain diversity jurisdiction in **this** suit is based on its being filed as a class action. In *Addison* and those previously remanded cases, this Court stated its belief that punitive damages cannot be aggregated in order to reach the amount in controversy under Louisiana law.[3] Thus, it has found that the analysis in *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir. 1995), was unavailing for purposes of the amount in controversy requirement for diversity jurisdiction.

However, because this matter has been filed as one seeking class certification, this Court must be consistent in its analysis. This Court has previously found, based on the plain language found in *In re Abbott Laboratories,* 51 F.3d 524 (5th Cir.1995), that because of the provisions for recoupment of attorneys' fees found in article 595 of the Louisiana Code of Civil Procedure, the amount in controversy requirement would be met by virtue of the fee to be awarded in indivision to the representative parties. *Francis v. Lomas Mortgage USA, Inc.,* 1995 WL 468172 (E.D.La. Aug.7, 1995). Article 595 provides:

The court may allow the representative parties their reasonable expenses of litigation, including attorney's fees, when as a result of the class action a fund is made

---

**2.** As this matter was removed after January 17, 1997, the amount in controversy must be more that $75,000.00.

**3.** It is for this reason that the Motion for Leave to Amend is moot and need not be considered by the Court.

available, or a recovery or compromise is had which is beneficial, to the class. . . .

### Official Revision Comments

(a) It is intended, in the first paragraph, that the reasonable expenses of litigation allowed the successful representative parties is to be paid out of the fund or benefits made available by their efforts.

As stated in *Abbott:*

Defendants pay attorney's fees and damages. The plain text of the first sentence of 595 awards the fees to the "representative parties." (The language allowing the "representative parties" their fees is echoed in Comment (a). . . .

That a state chooses a set of rules that result in an award in excess of $50,00 frustrates no policy of *Zahn [v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) ]. Simply put, under the law of Louisiana the class representatives were entitled to fees. Their rights of recovery were not created by a judge's summing the discrete rights of class members. The district court applied the law of Louisiana. Because it did so, we are persuaded that the individual claims of the class representatives met the requisite jurisdictional amount.

*Abbott,* 51 F.3d at 526–27. *See Millet v. Marathon Oil Co.,* 1995 WL 495901 (E.D.La. Aug.18, 1995) (Schwartz, J.); *contra Greer v. Mobil Oil Corp.,* 1997 WL 180477 (E.D.La. April 14, 1997) (Clement, J.).

---

4.  $50,000 multiplied by 2000 equals $100,000,-000. For example, one-third of that amount as an attorneys' fee certainly is more than enough for the amount in controversy. Likewise, if you were to limit the recovery to what apparently is a more likely amount, $1500.00 per person and then multiply that by 2000, one third of that amount is $1,000,000, which is certainly more that what is required for diversity jurisdiction. these calculations are for example only and are not meant to indicate what the Court might actually award, should that eventuality occur.

5.  Section 1446(b) provides in relevant part:

    The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

In the present suit, plaintiffs have stipulated individual damages are not to exceed $50,000. There are over 2000 members of the class. Obviously the award to the class representatives in attorneys' fees would be more the $75,000 amount in controversy required for diversity jurisdiction.[4] Thus, the Court finds that diversity jurisdiction is present in this instance.

### Motion to Remand

▮ However, plaintiffs have moved to remand contending that (1) Illinois Central did not remove this matter timely under the thirty day requirement for removing an action to federal court found in 28 U.S.C. § 1446(b)[5] and (2) it has waived its right to remove this matter because of its past participation in "related" proceedings in state court.[6] These grounds are without merit.

As to the timeliness argument, the Court would note as a preliminary matter, that section 1446(b) speaks in terms of a "civil action," case or "initial pleading." In this instance, there had to be a suit in order for the suit to be removed. It is impossible to claim removal untimely when this suit, couched in terms of a class action, did not exist until November 27, 1996, and was apparently not received by Illinois Central until January 22, 1997.

▮ No argument has been lodged that a courtesy copy was sent to defendants, such that the thirty-day period would have expired

    If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

6.  A third ground, the failure by Illinois Central to join the other named diverse defendant, Walter Cain, in the removal was raised; however, it does not merit discussion as Cain apparently had not been served at the time of removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 350–51, 83 L.Ed. 334 (1939); *Jones v. Houston Ind. School District,* 979 F.2d 1004, 1007 (5th Cir. 1992).

prior to February 5, 1997.[7] Rather plaintiffs argue that somehow defendants had to remove a case that did not exist; there is simply no support for this "global" approach to litigation.

■ With respect to the second argument, plaintiffs contend that because of the following activities, Illinois Central has waived its right to remove the instant case:

(1) Illinois Central defended to judgment trials of more than 20 other individual suits (not concerning these plaintiffs but with respect to others injured in the same occurrence) in the Justice of the Peace Court in Ward One of Tangipahoa Parish, Louisiana;

(2) Illinois Central filed on July 12, 1996, a Petition for Declaratory Judgment in the Twenty–First Judicial District Court for the Parish of Tangipahoa seeking to be exonerated as to other plaintiffs both named and unnamed. The unnamed were at that time considered to be 600 in number. There is no mention made seeking class certification in this pleading (Plaintiffs' Exh. "C");

(3) Illinois Central sought in August of 1996 to have these same pending cases in Justice of the Peace Court, mentioned in paragraph 2 above, consolidated and transferred to the Twenty–First Judicial Court for the Parish of Tangipahoa applying for relief by emergency supervisory writ. (Plaintiffs' Exh. "F");

(4) Illinois Central also filed an appeal in the *Roy J. Coleman* case to the Twenty–First Judicial District Court in which it sought a trial *de novo* and to stay all proceedings. In this pleading it sought to stay all matters with regard to "all 2300" potential plaintiffs, seeking the adjudication by that Court for "one time the issue of of liability and quantum." Illinois Central sought a stay as to all "2300 claimants" in this pleading. (Plaintiffs' Exh. "G").

For this proposition, plaintiffs rely on *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986), in which Fifth Circuit stated, "Even a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of the court." The statement in *Brown* upon which plaintiffs rely was made in the context of activity that had occurred **in a single suit.** It simply is not analogous to this case.

Plaintiffs contend because of Illinois Central's failed attempts at consolidation of other claims and the attempt to stay even unfiled claims, waiver has occurred. However, this approach fails to take into consideration that the other cases could not have been removed because the requisite amount in controversy was not present and thus, diversity jurisdiction could not have been exercised. Until the matter was brought as a class action, there was no right to remove that Illinois Central could have properly exercised.

■ " 'The right to remove a case to federal court may be waived by acts taken in the state court, **subsequent to the creation of the right to remove,** that indicate the defendant has invoked the jurisdiction.' " *Fain v. Biltmore Securities, Inc.,* 166 F.R.D. 39, 40 (M.D.Ala.1996) (emphasis added), citing 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.157[9] (2nd ed.1995). The court continued in *Fain:*

> Also a defendant will be deemed to have waived the right of the removal where the removal is, in essence, an appeal from an adverse ruling of the state court.... As a general rule, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits."

*Id.* There has been no adjudication on the McKnight claims. The Court has not been apprised of any case that stands for the proposition that the Court should look past the pleadings of each case and simply treat a matter such as this *in globo,* and it has not

7. This circuit follows the "receipt rule." "According to the statute, the thirty-day period begins when the defendant receives a copy of the initial pleading through **any** means, not just service of process." *Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839, 841 (5th Cir.1996). The Fifth Circuit has specifically rejected the argument that the period for removal begins only upon formal service of process.

found any such case. This argument is meritless. Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Remand and Motion for Leave to Amend Complaint is **DENIED.**