**William S. HAYNES, etc., et al., Plaintiffs,**

v.

**GASOLINE MARKETERS, INC.; MAPCO Petroleum, Inc., et al., Defendants.**

**No. Civ.A. 98–A–1374–N.**

United States District Court, M.D. Alabama, Northern Division.

Feb. 5, 1999.

H. Dean Mooty, Jr., Mooty & Associates, PC, Montgomery, AL, for plaintiffs.

Roianne Houlton Frith, Roianne Houlton Frith & Associates, Montgomery, AL, for MAPCO Petroleum, Inc., defendant.

## *MEMORANDUM OPINION AND ORDER*

ALBRITTON, Chief Judge.

## I. *FACTS AND PROCEDURAL HISTORY*

This cause is before the court on a Motion to Remand, filed by the Plaintiffs on January 8, 1999 (Doc. # 3).

The Plaintiffs originally filed their Complaint in the Circuit Court for Montgomery County, Alabama, on November 5, 1998. Defendant MAPCO Petroleum, Inc. ("MAPCO"), filed an Answer in state court on December 9, 1998.[1] MAPCO filed a Notice of Removal in this court on December 9, 1998.[2] The Plaintiffs contend that by filing an Answer containing affirmative defenses in state court, MAPCO consented to jurisdiction in state court.

For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II. *DISCUSSION*

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the Unit-

---

1. The Plaintiffs have stated in brief to the court that the Answer was filed on December 8, 1998, while MAPCO has stated in brief that the Plaintiffs' argument based on its filing an Answer on "November 8, 1998" is unavailing. The copy of the Answer which has been filed with this court, however, states that it was filed on December 9, 1998.

2. Although no other Defendants joined in the Notice of Removal, it appears that MAPCO was the only defendant who had been served by the Plaintiffs.

ed States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

MAPCO removed this case to federal court on the basis of diversity jurisdiction. The Plaintiffs have not contested that diversity jurisdiction lies in this court. Instead, the Plaintiffs have argued that MAPCO waived its right to remove this case on the basis of diversity jurisdiction by filing an Answer in state court. The Plaintiffs argue that the "Answer is not a mere general denial but, in fact, contains affirmative defenses asserting defenses under state law." Plaintiffs' Motion to Remand, page 2. The Plaintiffs argue that by filing the Answer with affirmative defenses, MAPCO consented to jurisdiction in the state court.

■ MAPCO argues in response that it complied with 28 U.S.C. § 1446(b) and filed a Notice of Removal within thirty days after service of the Plaintiffs' Complaint and Summons. MAPCO contends that it was merely attempting to prevent the entry of a default judgment against it by filing an Answer, and that it never intended to consent to jurisdiction in the state court. Neither MAPCO nor the Plaintiffs have cited authority in support of their arguments. In fact, one attorney represented that, after exhaustive research, no cases on point had been found. Several courts have, however, addressed the issues implicated in this case.

■ The right to remove a case to federal court may be waived by acts taken in the state court that indicate that the defendant has invoked the jurisdiction of the state court. *See* 1 A.J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.157[9] (2nd ed.1995). The "right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d 776, 782 (5th Cir.1989). In order to find that a defendant waived its right to remove, a court must find that the defendant clearly and unequivocally intended to waive the right to remove and to submit to the state's jurisdiction. *Regis Associates v. Rank Hotels*

*Ltd.,* 894 F.2d 193, 195 (6th Cir.1990); *Fain v. Biltmore Securities, Inc.,* 166 F.R.D. 39 (M.D.Ala.1996).

■ This court has previously addressed the question of whether a defendant who filed in state court a motion to stay and to compel arbitration had waived the right to remove the case to federal district court and determined that such a filing does not constitute a waiver of the right to remove a case to federal court. *See Fain,* 166 F.R.D. at 40. This court determined that there are two factors that guide a court in determining whether the right to remove a case to federal court has been waived: (1) whether the actions taken by the defendant in state court were for the purpose of preserving the status quo, or did they manifest an intent to litigate on the merits in state court and (2) whether the removal can be characterized as an appeal from an adverse judgment of the state court. *Id.* The second of these factors clearly does not apply in this case.

■ As to the first factor, whether actions taken by the defendant manifested an intent to litigate on the merits in state court, other courts have addressed similar facts and found such intent to be lacking. In *Miami Herald Pub. Co. Div. of Knight–Ridder Newspapers, Inc. v. Ferre,* 606 F.Supp. 122 (S.D.Fla.1984), the court concluded that defendants had not waived their right to remove by filing an answer and affirmative defenses in state court prior to filing a timely petition for removal. The court relied in part on the fact that the Federal Rules of Civil Procedure contemplate filing an answer in state court before removal to federal court. *Ferre,* 606 F.Supp. at 124. Rule 81(c) states that "[r]epleading is not necessary unless the court so orders. In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days ..." Fed.R.Civ.Proc. 81(c). This court also has previously concluded that a motion to stay and compel arbitration is sufficiently analogous to filing an affirmative defense so as to be considered an attempt to maintain the status quo, rather than a concession of

state court jurisdiction. *Fain,* 166 F.R.D. at 42 n. 4. Other courts have similarly concluded that filing an answer does not evidence clear and unequivocal intent to waive the right to remove. *See The Champion Brick Co. of Baltimore County v. Signode Corp.,* 37 F.R.D. 2, 4 (D.Md.1965); *see also Somoano v. Ryder Systems, Inc.,* 985 F.Supp. 1476, 1477 (S.D.Fla.1998) (finding that filing a motion to dismiss, like filing an answer, does not indicate an intent to waive a right to proceed in the federal forum).

In light of the precedent discussed, this court concludes that MAPCO's filing of an Answer in state court, on the same date upon which it filed a Notice of Removal, was not a manifestation of a clear and unequivocal intent to waive its right to remove the case to federal district court. Accordingly, the Motion to Remand is due to be DENIED.

### III. *CONCLUSION*

For the reasons discussed, the court concludes that the Plaintiffs' Motion to Remand is due to be and is hereby ORDERED DENIED.